Guy A. Graves, J.
In a trial for personal injuries against the owner of a motor vehicle in which plaintiff Kathy Filutowáki Dingsor, then 17 years old, was riding as a passenger, the jury found no cause for action on the grounds the vehicle was being operated without the express or implied permission of the owner.
By stipulation and on an agreed statement of facts, the trial court ordered this court to resolve the sole question of whether coverage for the injuries suffered by Kathy Filutowski Dingsor was afforded by an insurance policy issued to her mother, Lillian *863 Filutowski, the only named insured hy the present defendant insurance company. The subject insurance policy was issued to cover the mother’s automobile which was not involved in the accident.
Defendant has asserted that the mother’s policy cannot be construed to provide coverage for the daughter who was riding as a passenger in another nonowned vehicle which the jury found to have been operated without the consent of the other vehicle’s owner; and that the daughter is an “ uninsured ’ ’ person under the terms of the policy in question.
Plaintiffs, mother and daughter, on the other hand, argue that the terms of the policy and in particular Part IV thereof headed ‘ ‘ Protection Against Uninsured Motorists” provide coverage and should apply to the circumstances of this accident.
Under Part I, headed ‘ ‘ Liability ’ ’, the policy states in part that persons insured are “(b) With respect to a non-owned automobile: (1) the named insured, (a) any relative, but only with respect to a private passenger automobile or trailer provided his actual operation of (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission ”,
In the instant case, under the agreed facts, plaintiff Dingsor although obviously a relative of the policyholder would be barred under the terms of Part I since she was a passenger in an non-owned automobile not being operated with the permission of the owner; and therefore could not be considered an “insured” person under this provision of the policy.
Plaintiff points, however, to Part IV, Coverage J of the policy dealing with protection against uninsured motorists which indeed casts quite a different light on the situation. Therein, under the heading “ Uninsured Motorists (Damages for Bodily Injury) ”, the insurer agrees “ to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called bodily injury ’, sustained by the insured, caused by accident and arising out of the ownership maintenance or use of such uninsured automobile And, further, in Part IV under definitions, “Insured” means “ the named insured and any relatives ”. Obviously, there is no question here that the daughter is a relative.
As stated, in its special verdict, the trial jury found that the I vehicle in which the daughter was a passenger was being operated without the owner’s permission.
*864 Subdivision 2-a of section 167 of the Insurance Law provides for the inclusion of the so-called ‘ ‘ uninsured motorists ’ ’ clause required under the law which in part protects the insured in New York State against injury or death specifically caused by the owner or operator of “ a motor vehicle operated without permission of the owner ”.
.It would appear on the face of it that the plaintiff daughter herein is an “ insured person ” entitled to the protection of the subject insurance policy viewed as a whole, pursuant to the terms of the uninsured motorist clause and under the sanction of the statute cited.
' Although not named in the policy, which also does not include terms specifically covering an accident situation such as the plaintiff’s, it is a basic canon of construction that when called upon to interpret clauses of insurance policies, the courts will give to the language a construction most favorable to the insured. The application of this canon to the present case is of course reinforced by the express language of the protective statute.
Moreover, the term “ Insured Person ” as it applies to the plaintiff’s case has been construed in a number of New York cases not inconsistent with this result.
In Appleton v. Merchants Mutual Ins. Co. (16 A D 2d 361) the named insured’s stepson on military duty in Hawaii and who had been injured there while a passenger in an uninsured automobile was held to be entitled to the benefits of the standard uninsured motorist endo.sem.ent under a policy issued to the father. Although the decision dealt mainly with the question of whether the stepson was a “ resident of the household ” as required in the policy, the point of whether coverage was otherwise barred because of the stepson being a passenger in a non-owned automobile and thus uninsured was not even raised. By inference at least such coverage appeared to be assumed by both parties and the court.
More persuasive yet was the Appellate Division’s decision in the Matter of Balletti v. MVAIC (16 A D 2d 814) where the petitioner, a pedestrian who did not own an automobile and had been struck by a “ hit-and-run ” automobile was deemed to be an “insured” rather than “qualified” person under his wife’s liability policy, containing the standard endorsement required by subdivision 2-a of section 167 of the Insurance Law.
Other ‘ hit-and-run ’ ’ cases reflecting a comparable interpretation of subdivision 2-a of section 167 of the Insurance Law include Matter of Zuckerman v. MVAIC (13 A D 2d 574) where the plaintiff who was struck while driving her son’s automobile *865 was deemed to be an “ insured person ” under her son’s liability policy containing the usual definition of “ insured ” in the uninsured motorist endorsement; and see Matwijko v. Zoladz Lbr., (16 A D 2d 1024), where a 20-year-old boy struck by a hit-and-run truck while standing on a street corner was held to be an insured person where his father had a policy with the usual uninsured motorist endorsement; and Matter of McNulty v. MVAIC (51 Misc 2d 1, affd. 28 AD 2d 1209).
Although none of the above cases are directly on all fours, this court can see no rational legal basis for holding a claimant to be an insured person in these “ hit-and-run ” situations and denying it in a case such as the present, where injuries are sustained through an accident involving an automobile which the trial jury found to be operated without owner’s permission.
Both conditions are provided for in subdivision 2-a of section 167 of the Insurance Law and the protection against uninsured motorists afforded therein clearly applies to the plaintiff under the subject policy. The court, therefore, finds the plaintiff daughter to be an insured person ” and entitled to the benefits of the mother’s liability policy.