GEORGE BACICH v. HOMELAND INSURANCE COMPANY OF AMERICA AND OTHERS.[1]

May 8, 1942.

No. 33,147.

*Claire I. Weikert* and *W. E. Barnacle,* for appellant.
*Sydney W. Goffstein* and *Richard Converse,* for respondents.

Loring, Justice.

Plaintiff owned a lot on which there was a building mortgaged to defendant Mike Luzaich for $2,000 plus interest. Luzaich burned the building and was convicted of arson. The loss was adjusted with defendant insurance company at $2,005.50 but was not paid. Plaintiff sought recovery from Luzaich of the loss by asking the court to cancel the mortgage debt in satisfaction of his damages. This was done. Now plaintiff seeks recovery from the insurance

[1]Reported in 3 N. W. (2d) 665.

company of the amount at which the loss was adjusted. He charges the other defendants with conspiracy to prevent his recovery from the company. Demurrers were interposed by all defendants, and it was stipulated that the pleadings, findings, and decree in the case against Luzaich be considered by the court at the hearing on the demurrers, which were sustained.

Plaintiff's case against Luzaich was based on the loss for which he now seeks recovery from the company. The policy on which he seeks recovery is a Minnesota standard. Upon payment of a loss it provides for assignment to the insurer of any right the insured may have against any person who may be liable for the loss. The right of subrogation, however, does not depend on contract but on the operation of the general principles of equity and the nature of the contract of insurance.

"Where an insured, before suit brought by him against the insurer * * * has, by a release of all right of action against the wrongdoer, destroyed the insurer's right of subrogation, he has also destroyed his own right of action against the insurer." 8 Couch, Insurance, § 2003, pp. 6610, 6611.

Had plaintiff paid the Luzaich mortgage out of his own funds a different question would be presented. Instead, he paid the mortgage by obtaining a decree which applied the damages caused by Luzaich to the payment of the mortgage debt and released plaintiff from further liability. It had the same effect as if he had collected the damages in money from Luzaich. The company was thereby deprived of subrogation against Luzaich. This is a complete defense. Monmouth County M. F. Ins. Co. v. Hutchinson, 21 N. J. Eq. 107.

The case against the other defendants falls because plaintiff was deprived of nothing to which he was entitled.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.