Edwin R. Lynde, J.
This is an application by the father of an infant for permission to arbitrate a claim of the infant and for an order compelling the respondent, Motor Vehicle Accident Indemnification Corporation, to arbitrate the petitioner’s claim.
*2 The infant claimant was the victim of a hit-and-rnn accident which occurred in Bay Shore, Suffolk County, on February 9, 1964, when she was six years old. On that date, her mother reported the accident to the Suffolk County Police Department. An investigation was conducted by the police and by the petitioner himself, who is a member of the New York City Police Department. The investigation continued at least until January 15, 1965, when a supplementary report was issued.
Shortly after January 15, 1965, the petitioner retained an attorney. Notices of claim were prepared which were executed on February 5,1965, and served on the respondent on February 15, 1965. On March 29,1965, the respondent rejected the claims on the ground that there had not been compliance with notice requirements.
On April 29, 1966, the petitioner instituted this proceeding claiming: (1) he could not establish the “ hit and run ” status of the automobile until he was in a position to state unequivocally that he could not ascertain the identity of the owner or the operator of the automobile; that this conclusion became possible only after the filing of the Police Department’s supplementary report on January 15, 1965; that he acted promptly thereafter: and (2) that the six-year-old claimant under the disability of infancy, gave written notice to the MVAIC “ as soon as practicable.” The respondent argues that some form of statement must be filed within 90 days after the accident was reported to the police; that there is no basis or authority for extending this time; that the only question is whether the accident was reported to the police within 24 hours or as soon as reasonably possible; that, in any event, notice given more than one year after the accident is not given “ as soon as practicable ” and that, at most, a preliminary trial of these issues is necessary.
At the time of the accident, the petitioner had in effect a policy of automobile liability insurance, the benefits of which extended to members of his household. As required by subdivision 2-a of section 167 of the Insurance Law, the policy contained provisions providing for recovery when an insured is injured in an accident with an uninsured or unidentified automobile. These provisions are contained in an endorsement Imown as “New York Automobile Accident Indemnification Endorsement.” By way of the endorsement, the insurance carrier under the law then in effect, acting as agent for the Motor Vehicle Accident Indemnification Corporation (MVAIC), entered into an insuring agreement between the insured and MVAIC, the latter undertaking to make payments under the terms and in accordance with the conditions spelled out in the endorsement. The terms *3 and conditions then and now are prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation as approved by the Superintendent of Insurance (Insurance Law, § 167, subd. 2-a).
Since the infant claimant is covered by the policy, she is an ‘ ‘ insured ’ ’ person as defined by subdivision i of section 601 of the Insurance Law. Her rights are governed solely by the contract (Matter of MVAIC [Lembeck], 37 Misc 2d 24, affd. 19 A D 2d 590). There are, in the endorsement, two provisions concerning time limitations which apply to this case. One is incorporated in the definition of ‘ ‘ hit-and-run automobile, ’ ’ as follows: ‘1 The term ‘ hit-and-run automobile ’ means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such ‘ hit-and-run automobile (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with MVAIC Avithin 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the request of MVAIC, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.” The other is a general provision appearing under the heading “ Conditions ” that notice must be given within 90 days or as soon as practicable.
Accepting, arguendo, the contentions of the respondent that the 90-day period referred to in the definition of ‘ ‘ hit-and-run automobile” must be calculated from the day of filing the original report with the police, the claim of the infant is not subject to this limitation.
The Motor Vehicle Accident Indemnification Corporation is authorized, by Iuav, to establish the terms and conditions incorporated in the endorsement (Insurance Law, § 167). In that respect, it may impose conditions more stringent than those prescribed by law for “qualified” claimants (Matter of Durant [MVAIC], 15 N Y 2d 408). However, the inclusion in the definition of £ £ hit-and-run automobile ” of a positive duty on the part of the claimant makes it impossible for a claimant under a disability to be eligible for benefits unless someone on behalf of that *4 claimant performs the required duty, and penalizes such claimant when the duty is not performed. The statute (Insurance Law, § 167, subd. 1, par. [d]) specifically declares that a liability insurance policy must contain: “ A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.”
The respondent’s argument that the filing of the hit-and-run statement is a separate and distinct requirement and not subject to the special dispensation afforded to persons under a disability would make nugatory the requirements of the statute when applied to hit-and-run cases in which those persons were involved. While the respondent, in its endorsement, may define a “hit-and-run” automobile, it does not have the power to insist upon a definition which eliminates a statutory right. The filing of the statement is the equivalent of giving a notice. It is, in effect, a notice that an insured has been involved in an accident with an unidentified vehicle. Like the notice of claim, the required statement may be filed after expiration of the 90-day period when the claimant can show that filing within 90 days was not reasonably possible. The statutory text must be read into the provisions of the policy and controls over the absence of appropriate language in the policy (Cooper v. Commercial Ins. Co., 14 A D 2d 55, affd. 11 N Y 2d 818).
The only question remaining is whether the filing one year and six days after the accident and approximately one month after retention of an attorney was a filing as soon as practicable. The infant claimant here was six years old at the time of the accident. An infant of an age insufficient to understand his rights is permitted an extension of time. As a matter of law, a claimant of such age is excused for his failure to comply with the requirement that notice be filed within 90 days (Matter of Gibson v. MVAIC, 23 A D 2d 562). The one-year limitation in the law (Insurance Law, § 608 subd. [c]) applies only to “ qualified ’’persons. It does not affect a claim made by an “ insured ” infant.
The court appreciates that the respondent may be at a tremendous disadvantage in being required to consider a claim arising out of an accident that occurred more than a year prior to filing the notice. This matter, however, was reported to and investigated by the police. Furthermore, as Mr. Justice Stanislaw pointed out in Matter of Crump (MVAIC) (44 Misc *5 2d 180, 182: “ An onerous burden is cast upon the MYAIC to undertake any genuinely productive investigatory steps in this matter. However, in light of the general purposes of the act to protect innocent victims ’ of accidents involving uninsured motorists the court must lean toward that protected class (Insurance Law, § 600, subd. [2]).”
The petitioner’s application is allowed. He is granted permission to arbitrate his infant daughter’s claim and respondent is directed to submit that claim to arbitration.