■  In the Matter of WILLIAM G. GARDNER et al., Appellants, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— *Per Curiam.* Appeal from an order of the Supreme Court at Special Term which, among other things, (1) stayed arbitration of a claim for damages for personal injuries allegedly sustained by reason of the negligence of an uninsured motorist, asserted against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC) pursuant to accident indemnification indorsements incorporated in claimant's automobile liability policy and in a like policy issued to his father, each providing uninsured motorist coverage in accordance with subdivision 2-a of section 167 of the Insurance Law, and (2) directed a jury trial of the issue whether the filing of notice of claim by the injured 17-year-old infant 120 days after the accident satisfied the condition precedent prescribed by the policy that written notice be given MVAIC within 90 days " or as soon as practicable ". The order was proper. (*Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310, 314; *Matter of Motor Vehicle Acc. Ind. Corp.* [*Brown*], 15 A D 2d 578, app. dsmd. 11 N Y 2d 968.) The issue of timely filing is of the sort that may be raised, as it was here, by the mere averment of the date of the accident and that of the filing; and appellants' reliance upon *Matter of Beakbane* (*MVAIC*) (20 A D 2d 736) is misplaced, as there the failure of " any evidentiary showing of the existence of  *  *  * issues " was on the part of MVAIC in offering no factual contradiction of the clear averments of physical contact. In this case, at least, it cannot be held as a matter of law that by reason of claimant's infancy, the filing was " as soon as practicable " (but cf. *Matter of McNulty* v. *Motor Vehicle Acc. Ind. Corp.*, 51 Misc 2d 1, 4); but his infancy and the disability which may be found to have been attributable thereto may well have great relevance in the evaluation of the critical factor of practicability, just as the mere fact of infancy is to be weighed and considered under the body of decisional law which has dealt with the somewhat analogous provisions of section 608 of the Insurance Law and section 50-e of the General Municipal Law. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *per curiam.*