Martin B. Stecher, J.
This is an action brought by an infant and his mother pursuant to the provisions of section 167 of the Insurance Law to recover the amounts of certain uncollected judgments, previously obtained by them against the defendant carrier’s assured.
After trial I find that on April 11, 1964, Thomas Ferguson, then 13 years of age, was struck by an automobile owned and operated by one Miguel Nales, defendant’s assured. An ambulance was called, Thomas was hospitalized and a police investigation appears to have been made at the accident scene and at the hospital. A police report was filed identifying the parties to the accident.
Not until November 5, 1965, 19 months later, did Mrs. Hines, the coplaintiff and mother of Thomas retain counsel. Mrs. Hines, however, misled her attorney, reporting to him that the accident had occurred on April 11, 1965. Counsel proceeded diligently to investigate the case; but hampered by an erroneous date, he was unable to discover Nales’ identity and that of Ms insurance carrier until the end of July of 1966. On August 9, 1966, the defendant carrier was given written notice of claim by plaintiffs’ attorney. Thus, 28 months elapsed before any notice was given to the carrier, Nales (the assured) apparently having failed to do so„
Nearly two months thereafter, on September 30, 1966, this defendant issued a notice of disclaimer. On December 13, 1966, Nales then a prisoner at B-iker’s Island, was served with a summons, a copy of which plaintiffs ’ attorney sent to the defendant. On December 28, 1966, Nales being in default of pleading, a notice of inquest was served on him and on this defendant by mail; and on January 4, 1967, an inquest was taken before a Judge of this court, no one appearing on behalf of Nales or. the defendant. On the following day January 5, 1967, judgment *914 was entered for Thomas in the snm of $1,328.50 ($1,250 damages plus costs and disbursements taxed) and in favor of Mrs. Hines in the sum of $400.
On January 24,1967, this defendant reaffirmed its disclaimer ; and shortly thereafter a judgment was served upon it which it has refused to pay.
The policy issued to Nales, complying with the provisions of section 167 of the Insurance Law required notice to the carrier of the details of an accident “ as soon as practicable ”. There can be no doubt that Mrs. Hines, in waiting 19 months to retain an attorney, utterly failed to comply with the provisions of the policy or statute (Insurance Law, § 167, subd. 1, pars, [c], [d]). The defendant’s delay of nearly two months in disclaiming coverage will not help Mrs. Hines. Disclaimer notice was given “ as soon as reasonably possible ” (Insurance Law, § 167, subd. 8); and no prejudice was created by this brief delay (State Farm Mut. Auto Ins. Co. v. Brown, 40 Misc 2d 694, revd. on other grounds, 21 A D 2d 742).
Mrs. Hines cannot collect her judgment from this defendant (Richter v. Fireman’s Fund, 27 A D 2d 223; Matter of Lloyd [MVAIC], 23 N Y 2d 478).
Does Thomas’ infancy require a different holding on his judgment?
With the exception of the cases in which the Motor Vehicle Accident Indemnification Corporation is a party, no case in this jurisdiction has come to my attention, either in the briefing of the attorneys or through independent research, which is dispositive of this issue.
Under the MVAIC statute (Insurance Law, § 608, subd. [c]) the failure to file a timely notice of claim is excused if the delay is due (among other things) to the infancy of the claimant. Section 167 (subd. 1, par. [d]) enumerates no particular disabilities. Instead the saving clause provides that the failure to give prompt notice of the incident ‘ ‘ shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible ”.
I fail to see that the absence of the word “infancy” from section 167 (subd. 1, par. [d]) requires us to ignore the fact of infancy. If by virtue of infancy — or any other disability — it is not “ reasonably possible to give such notice within the prescribed time ’ ’, the claim is not invalidated.
I find that by virtue of Thomas’ age — he was 13 — and his state of dependency on his mother, it was not “ reasonably *915 possible ” for Mm to secure counsel or determine the identity of Nales’ carrier or give any notice whatever to the defendant (Matter of McNulty v. MVAIC, 51 Misc 2d 1, 4; Matter of Raiford v. MVAIC, 29 A D 2d 883). The saving clause of the statute (Insurance Law, § 167, subd. 1, par. [d]) was designed to protect people unable to protect their own rights. Thomas was such a person and he gave notice as soon as was “ reasonably possible.”
What of the defendant’s contention that this lapse of time so prejudices the carrier that regardless of infancy, the claim must be dismissed? The argument is not persuasive. For one thing, I do not find that prejudice does exist. The police reports of investigations made at the scene of the accident and at the hospital where Nales was questioned by the police are available. The hospital report is available. And Nales was as available to the defendant at Biker’s Island as he was to plaintiff’s attorney who served him with the summons.
Of greater significance, however, is the fact that prejudice or absence of prejudice to the carrier is not the issue (Matter of Lloyd [MVAIC], 23 N Y 2d 478, supra). “ The disadvantage to MVAIC brought about by a claimant’s late filing is only countenanced because of the claimant’s diligent efforts in pursuing the claim”; and the rights created by these “diligent efforts ” stem from section 167 (subd. 1, par. [d]) of the Insurance Law (p. 482), a statute applicable to non-MVAIC and MVAIC cases alike. (Cf. Matter of McNulty v. MVAIC, 51 Misc 2d 1, supra, where a one-year filing was held to be timely.)
The defendant’s difficulty, of course, stems from the changing character of automobile casualty insurance. To be sure, the primary obligation of the carrier is one of indemnification under the contract (Holmes v. Allstate Ins. Co., 33 A D 2d 96, 99). But the obligation now far transcends the contract of indemnity. Thus, our courts, for the purpose of service, come close to recognizing that the carrier and not the assured is the real party in interest (Seider v. Roth, 17 N Y 2d 111). Or despite breaches by the assured in the contract, such as the obligation to pay premiums, the carrier continues to be liable to a claimant for not less than 10 days after notice of cancellation is given (Vehicle and Traffic Law, §§ 313, 347; Banking Law, § 576), and frequently for a longer period. As a matter of public policy, the carrier must undertake obligations beyond indemnification of the assured (Insurance Law, § 607, Matter of Lloyd, supra, p. 481); and must be prepared to accept liability under the policy, even though breached by the assured’s failure to give *916 notice, where the injured party gave such notice 11 as soon as was reasonably possible.”
Judgment may be entered in favor of the infant plaintiff in the sum of $1,328.50 with interest from March 7, 1967 (30 days after the judgment against Nales was served on the defendant); and in favor of the defendant against Bernice Hines, individually.