INSURANCE COMPANY OF GREATER NEW YORK, Respondent, v 156 HAMILTON REALTY CORP., Defendant, and CRAIG MOORE, an Infant by PAULINA MOORE, His Parent, et al., Appellants.

First Department, February 7, 1980

APPEARANCES OF COUNSEL

*Barbara Doblin Tilker* for appellants.

*Arthur R. Martoccia* for respondent.

## OPINION OF THE COURT

MURPHY, P. J.

The plaintiff, Insurance Company of Greater New York, insured the corporate defendant's building during the period June 26, 1971 to June 26, 1972. Defendants Craig Moore and his mother, Paulina, resided in an apartment in that building. On May 20, 1972, Craig, then one and one-half years old, allegedly ingested paint chips while in the apartment. The Commissioner of Health was apprised of this occurrence and he forwarded an order, dated May 30, 1972, to the corporate defendant to inform it of that fact. Neither Paulina nor the corporate defendant informed the plaintiff of this incident at the time it happened. Eventually, a notice of claim was served upon the insurer on October 14, 1976, a delay of four and one-half years.

Plaintiff seeks a declaration in this action that it is under no obligation to defend or indemnify the corporate defendant in the underlying negligence action brought by the infant and his mother. Plaintiff maintains that it did not receive notice of the occurrence "as soon as practicable" under the terms of the policy. The individual defendants assert, on the other hand, that notice was given "as soon as was reasonably possible" under section 167 (subd 1, par [d]) of the Insurance Law.

In *Ferguson v Nationwide Mut. Ins. Co.* (61 Misc 2d 912), the court found that notice given by a 13-year-old child 28 months after an occurrence was given "as soon as reasonably possible". The court in *Ferguson* stated, *inter alia*, that *(id.,* at p 914): "I fail to see that the absence of the word 'infancy' from section 167 (subd. 1, par [d]) requires us to ignore the fact of infancy. If by virtue of infancy—or any other disability —it is not 'reasonably possible to give such notice within the prescribed time', the claim is not invalidated."

Section 167 (subd 1, par [d]) of the Insurance Law does not set forth any exception based upon the disability of infancy. Therefore, this court must be very cautious in reading such an exception into that statute (cf. *Winter v City of Niagara Falls,* 190 NY 198). If an "infancy" exception is read into that statute, then it follows that this court could toll the notice

requirements during an infant's entire minority if the circumstances so warrant it. Where the Legislature has chosen to accord an infant a time extension in filing a particular notice, it has done so within clearly defined limits. The notice requirements in two analogous areas will be explored with this thought in mind.

A qualified person, filing a claim with MVAIC for an accident with a hit-and-run or an uninsured motorist, must comply with the notice provision of section 608 of the Insurance Law. Subdivision (c) of section 608 of the Insurance Law provides, *inter alia,* that:

"Where the qualified person is an infant or is mentally or physically incapacitated or is deceased, and by reason of such disability or death is prevented from filing the affidavit as provided in paragraph (a), paragraph (b) or paragraph (c) above within the applicable period specified therein, (1) the corporation may accept the filing of the affidavit after the expiration of said applicable period if accompanied by proof, satisfactory to the corporation, of the facts which caused the delay *and that it was not reasonably possible to file such affidavit within said applicable period and that the affidavit was filed as soon as was reasonably possible* or (2) a court of competent jurisdiction, in its discretion, may upon like proof grant leave to file the affidavit within a reasonable time after the expiration of the above mentioned applicable period.

"Application to the court for such leave must be made within one year from the beginning of the applicable period for filing the affidavit, as specified in paragraph (a), paragraph (b) or paragraph (c) above, upon affidavit showing the evidentiary facts which are relied on in support of the proof required in the paragraph next preceding, accompanied by a copy of the proposed affidavit." (Emphasis added.)

It should be stressed that, under subdivision (c) of section 608 of the Insurance Law, an infant may be relieved of his failure to file a timely claim, but the application for such relief must be made within one year after the occurrence of the claim *(Matter of Erhardt* [MVAIC], 53 AD2d 692). Hence, the Legislature narrowly limited an infant's right to make a late notice of claim against MVAIC.

In *Matter of Davis* [MVAIC] (33 AD2d 663), this court strictly construed the notice provisions of subdivisions (b) and (c) of section 608 of the Insurance Law. In *Davis,* a 13-year-old boy was struck by a hit-and-run automobile on March 16,

1965. He did not report the occurrence to his mother until March 20, 1965. The mother reported the occurrence to the police on March 21, 1965. This court found that the occurrence would have been reported to the police within 24 hours if the infant had immediately informed his mother of the occurrence. The court also noted that the mother did not notify the police within 24 hours after she learned of the occurrence from her son. Because the notice was found to be untimely, arbitration was permanently stayed.

The decision in *Davis* has precedential value in the instant appeal. In *Davis,* this court implicitly recognized that the 13-year-old infant had a duty to apprise his parent of the occurrence. The parent, in turn, was recognized as having a duty to report the occurrence to the police within 24 hours after she was apprised of that fact by the child. It may be fairly stated that the delay in *Davis* was actually caused by the mother's failure to report the occurrence rather than the child's infancy.

In this proceeding, the infant was too young to communicate with his parent. Nonetheless, the record shows that the mother was immediately aware that infant Craig had ingested the lead paint. By force of the *Davis* precedent, the mother was obligated to inform the insurer of the occurrence "as soon as was reasonably possible" after learning that fact. As a matter of law, it must be found that the mother failed to notify the insurer "as soon as reasonably possible" since notice was given four and one-half years after she learned of the occurrence. From this inordinate delay, it must be inferred that the insurer was prejudiced in its investigation and defense of this claim.

Subdivision 5 of section 50-e of the General Municipal Law governs the provisions for filing a late notice of claim against a public corporation. Prior to September 1, 1976, this statute permitted an infant to apply for leave to file a late notice of claim "within the period of one year after the happening of the event upon which the claim is based" *(Charalambakis v City of New York,* 46 NY2d 785). By a 1976 amendment, this statute now permits a court to grant an extension that "shall not exceed the time limited for the commencement of an action by the claimant against the public corporation". *(Matter of Beary v City of Rye,* 44 NY2d 398, 407, 408). Thus, if the claimant is an infant, the court may now grant leave to file a notice of claim during the entire minority of the child. The

infancy of the child is but one of many factors to be considered by the court. The court must also consider "in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."

From the foregoing, it is apparent that the Legislature has tightly controlled the circumstances under which an infant could make a late filing under subdivision 5 of section 50-e of the General Municipal Law. Prior to 1976, the outside limit for such filings was one year. Under that prior law, the late filing would not be permitted on behalf of an infant where the delay was caused by the failure of the natural guardian or the child's attorney to file a timely notice of claim (*Lustig v City of New York,* 106 NYS2d 131, affd 278 App Div 716). Similarly, as was mentioned in the discussion of the *Davis* case, infant Craig's failure to file is attributable to his mother's negligence in that regard rather than his disability.

By the 1976 amendment, the Legislature deliberately chose to extend the one-year limitation subject to certain specific criteria. Parenthetically, it must be emphasized that the Legislature, for whatever reason, has not amended paragraph (d) of subdivision 1 of section 167 of the Insurance Law to permit a tolling of the notice provision for an infant's entire minority. Therefore, this court should not judicially legislate a tolling provision into paragraph (d) of subdivision 1 of section 167 of the Insurance Law. Furthermore, if this court were to toll that statute, it should do so subject to the criteria found in subdivision 5 of section 50-e of the General Municipal Law, as amended. Since section 50-e would not permit a four and one-half-year extension for late filing where a public corporation has been prejudiced by a delay, there is no reason for granting such an extension under paragraph (d) of subdivision 1 of section 167 of the Insurance Law.

For the reasons stated, the order and judgment (one paper) of the Supreme Court, New York County (GROSSMAN, J.), entered October 4, 1978, declaring that the plaintiff was under no obligation to defend or indemnify the corporate defendant, should be affirmed, without costs.

SILVERMAN, J. (dissenting in part). We would modify the

judgment appealed from to declare that plaintiff insurance company is under an obligation to pay any judgment that may be obtained, or costs taxed, against landlord 156 Hamilton Realty Corp. by Craig Moore, the infant plaintiff.

The principal action arises out of a claim that the infant was injured by ingesting lead paint which chipped and peeled. The infant plaintiff resided with his mother Paulina Moore in an apartment of which defendant Realty Corp. was the landlord. Plaintiff insurance company had issued a liability insurance policy to Realty Corp. as insured. Although it is claimed that the injuries took place prior to May 20, 1972, when the infant was a year and a half old, and that this fact was brought to the attention of the landlord 10 days later, no notice was given of the claim to plaintiff insurance company by anyone until the commencement of this action in October, 1976. The policy requirement is that the insured give notice of an "occurrence" to the insurance company "as soon as practicable." Paragraph (d) of subdivision 1 of section 167 of the Insurance Law provides that a failure to give such notice "shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

We agree with the trial court's finding that Paulina Moore, the mother, is barred by the failure to give notice of the claim for over four years. (Defendant Realty Corp. has not appealed.) We think the action of the infant is not barred by the delay of this notice. The infant was a year and a half old at the time of the occurrence and about six years of age at the time the action was begun. It is obviously impossible for an infant of that age to give notice or retain counsel. Nor do we think that the infant should be barred by the mother's delay. It is claimed that the insurance company has been prejudiced by the delay. In that connection, however, we agree with the statement of Justice MARTIN B. STECHER in *Ferguson v Nationwide Mut. Ins. Co.,* (61 Misc 2d 912, 915-916): "As a matter of public policy, the carrier must undertake obligations beyond indemnification of the assured (Insurance Law, § 607; *Matter of Lloyd [(MVAIC),* 23 NY2d 478]); and must be prepared to accept liability under the policy, even though breached by the assured's failure to give notice, where the

injured party gave such notice 'as soon as was reasonably possible.' "

BIRNS and LUPIANO, JJ., concur with MURPHY, P. J.; MARKE-WICH and SILVERMAN, JJ., dissent in part in an opinion by SILVERMAN, J.

Order and judgment (one paper), Supreme Court, New York County, entered on October 4, 1978, affirmed, without costs and without disbursements.