EVELYN YEPEZ, an Infant, by Her Mother and Natural Guardian, SUZANNE YEPEZ, Appellant, v COUNTY OF NASSAU et al., Respondents. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 10, 1980, which (1) granted defendants' motion to dismiss the complaint and (2) denied her cross motion to strike defendants' first affirmative defense. Order reversed, on the law, without costs or disbursements, motion denied and cross motion granted. The causes of action herein accrued in April, 1976, at which time the infant plaintiff was two months old. In May, 1978, well in excess of 90 days from accrual of the cause of action (see General Municipal Law, § 50-e, subd 1, par [a]), plaintiff moved for leave to serve a late notice of claim. Special Term originally granted the motion with respect to the infant plaintiff. The court reasoned that although subdivision 5 of section 50-e of the General Municipal Law limits the period of time in which such an extension can be granted to "the time limited for the commencement of an action by the claimant against the public corporation," and although subdivision 1 of section 50-i of the General Municipal Law limits

the time for the commencement of such actions to one year and 90 days, the Statute of Limitations and, accordingly, the time in which an extension of the period for serving a notice of claim can be granted, were tolled by the infancy provisions of CPLR 208. Subsequently, however, in *Cohen v Pearl Riv. Union Free School Dist.* (70 AD2d 94), this court held that the infancy tolling provisions do not operate to extend the time for serving a notice of claim beyond the usual one-year and 90-day period. Therefore, upon the defendants' motion to dismiss, Special Term reversed its original position, granted the motion, and dismissed the complaint. It is the order of dismissal which is now before this court. While this appeal was pending, the Court of Appeals reversed this court's order in *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d 256). It is now settled that the period in which an extension of the time to serve a notice of claim can be granted, is tolled by infancy. Accordingly, the order appealed from is reversed. After consideration of the factors listed in subdivision 5 of section 50-e of the General Municipal Law, we conclude, as did Special Term originally, that under the facts of this case, leave to serve a late notice of claim was properly granted. Hopkins, J.P., Rabin, Cohalan and Weinstein, JJ., concur.