ALLSTATE INSURANCE COMPANY, Appellant, v DENNIS R. FURMAN et al., Respondents. (Action No. 1.)

DANIEL J. FURMAN, an Infant, by VINCENT J. GENTILE, his Guardian Ad Litem, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. (Action No. 2.)

Second Department, December 28, 1981

### APPEARANCES OF COUNSEL

*Schleider & Dupee (George S. Hodges* of counsel), for appellant.

*Finkelstein, Mauriello, Kaplan & Levine (Benjamin J. Fried* of counsel), for respondents.

### OPINION OF THE COURT

WEINSTEIN, J.

On February 15, 1971, four- and one-half-year-old Daniel Furman was playing in the basement of his parents' home in Floral Park, New York. A tree stump had been

placed on the basement floor, and a metal anvil was lying on the stump. Unfortunately, during the course of Daniel's activities in the basement, the anvil fell off the stump onto Daniel's left hand, seriously and permanently injuring it.

On the day in question, Daniel's parents were covered by a homeowner's insurance policy issued by Allstate Insurance Company. Soon after the accident, Daniel's mother, Kathryn Furman, telephoned the insurer to report the accident. She was told, however, that since Daniel was a member of the household, there would be no insurance coverage, and, accordingly, she let the matter of insurance coverage drop. No further notice of the accident was given to Allstate for six years.

Some six years later, Daniel's maternal grandfather, Vincent Gentile, was appointed guardian ad litem, and Gentile forthwith brought an action, on Daniel's behalf, against the boy's parents to recover $100,000 for the child's injury. The suit alleged that Daniel's injury had resulted from negligent, reckless, and careless supervision by his parents. The adult Furmans forwarded a copy of the complaint to Allstate, but the insurance company disclaimed liability "because of Late Notice and for other reasons", and informed the Furmans that Allstate "withdraws from the matter entirely." Daniel, by his guardian, then brought an action for a judgment declaring that Allstate was obligated to defend and, if necessary, indemnify his parents in the underlying action. Allstate also brought an action for a declaration that it had no liability arising out of the accident in question.

Special Term consolidated the two declaratory actions. After a nonjury trial, Trial Term held against Allstate, and ordered it to defend and, if necessary, indemnify the adult Furmans in the action brought on behalf of their son. The court agreed with Allstate that the condition precedent in the policy requiring timely written notice had not been fulfilled. However, relying on *Ferguson v Nationwide Mut. Ins. Co.* (61 Misc 2d 912) and *Government Employees Ins. Co. v Wilson* (69 Misc 2d 1020), the court held that the infant plaintiff would not be "barred" by the delay in reporting the accident prior to the appointment of his guardian ad litem. We now reverse, and grant Allstate

judgment declaring that its disclaimer was sufficient and that it is not obligated to defend or indemnify the adult Furmans in the underlying action.

Our starting point, of course, must be the issue of sufficiency of the notice that was given. The policy requires that when an occurrence takes place giving rise to Allstate's obligations under the comprehensive personal liability section of its policy, "written notice shall be given by or on behalf of the insured to Allstate or any of its authorized agents as soon as practicable." Trial Term was clearly correct in ruling that this clause was not satisfied; the notice given to Allstate on the telephone shortly after the accident was insufficient because it was not written (see *Warren v Merchants Mut. Ins. Co.*, 27 AD2d 575; *Morgan v Travelers Ins. Co.*, 8 AD2d 945), and the written notice given six years later was not "as soon as practicable." We hold, moreover, that even under section 167 (subd 1, par [d]) of the Insurance Law, the notice was not sufficient. The aforesaid statute provides that, in a case where it was not reasonably possible to give notice within the time prescribed by an insurance policy, notice will be sufficient if it is given "as soon as was reasonably possible" (but cf. *Deso v London & Lancashire Ind. Co. of Amer.*, 3 NY2d 127). However, in the instant case, not only was it possible to give notice within the prescribed time, but the notice was not given as soon as reasonably possible in any event. Daniel's parents at all times knew about the accident and injury, and yet failed to communicate this information in writing to Allstate for six years. We conclude, then, that the notice provision of the insurance policy was not satisfied. The issue therefore is whether the infant should be, in effect, penalized because of his parents' delay. Put differently, the issue is whether the notice requirement in the insurance policy is tolled on account of infancy.

Several statutes provide tolls in time periods on account of infancy. Subdivision (c) of section 608 of the Insurance Law provides that failure to meet the prescribed time limit for filing an affidavit with the Motor Vehicle Accident Indemnification Corporation, giving notice to it of a claim, may be excused if the claimant is an infant and if "it was not reasonably possible to file such affidavit within said

applicable period and * * * the affidavit was filed as soon as was reasonably possible" (see *Matter of Raiford v Motor Vehicle Acc. Ind. Corp.,* 29 AD2d 883; *Matter of McNulty v Motor Vehicle Acc. Ind. Corp.,* 51 Misc 2d 1, affd 28 AD2d 1209). The 90-day limit for serving a notice of claim upon a municipal corporation in a tort action may be extended on account of infancy (General Municipal Law, § 50-e, subd 5; see *Matter of Beary v City of Rye,* 44 NY2d 398; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Yepez v County of Nassau,* 79 AD2d 1023). A Statute of Limitations is tolled, in almost all cases, for the entire period of infancy (CPLR 208). Nonetheless no such explicit provision tolling the period for giving notice under an ordinary insurance policy is provided by the statute, and this circumstance led the Appellate Division, First Department, to hold that the period for giving such notice would not be tolled by infancy (see *Insurance Co. of Greater N.Y. v 156 Hamilton Realty Corp.,* 72 AD2d 403).*

We approach this issue somewhat differently from the way in which the First Department approached it, and although we reach the same result here as that court would have reached in this case, our decision is narrower than that of the First Department.

The decision of the Court of Appeals in *Gelbman v Gelbman* (23 NY2d 434), permitting suits by one family member against another, is well known. This rule applies even when, in reality, the circumstances of the suit's being between two family members is merely a legal fiction, the true purpose of the suit being to obtain payment from an insurance company. Indeed, the presence of insurance coverage was a major factor in the court's decision, since "[s]uch insurance effectively removes the argument favoring continued family harmony as a basis for prohibiting this suit" *(Gelbman v Gelbman, supra,* p 438).

On the other hand, insurance companies are entitled to proper notice of all occurrences for which they may incur liability, as soon as is reasonably practicable (see *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d

---

* The court held, to be precise, that no infancy toll exists, but even if it did, it would not be applicable in that case, since the delay was caused by the infant's mother's negligence.

436; *Gizzi v State Farm Mut. Ins. Co.,* 56 AD2d 973). Such notice enables the insurer to investigate the circumstances surrounding the occurrence, in order to prepare any legal defense it might be able to assert on behalf of the insured, before such investigation has been unduly hampered by the passage of time. Such notice also enables the insurer to protect itself against fraudulent claims. Notice may be given by the insured himself, or by any other claimant who stands to benefit from the policy (see Insurance Law, § 167, subd 1, par [c]; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, affd 4 NY2d 1028), but it must be given. The right of an insurer to receive notice has been held to be so fundamental that the insurer need show no prejudice to be able to disclaim liability on this basis (see *Tennant v Farm Bur. Mut. Auto. Ins. Co.,* 286 App Div 117; *Gizzi v State Farm Mut. Ins. Co., supra;* 31 NY Jur, Insurance, § 1262). Daniel asks this court to rule that his inability to give notice himself should warrant overlooking his parents' failure to do so in a timely fashion.

There are circumstances, such as lack of knowledge that an accident has occurred, that will excuse delay in giving notice (see *State Farm Mut. Auto. Ins. Co. v Bush,* 46 AD2d 958; *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.,* 37 AD2d 11, affd 30 NY2d 726). We do not hold, as did the First Department in *Insurance Co. of Greater N.Y. v 156 Hamilton Realty Corp.* (72 AD2d 403, *supra),* that the fact of infancy can never, in and of itself, provide an excuse for the delay. But we hold that in the case at bar, it does not excuse the delay. The underlying action, it is true, is technically a suit by Vincent Gentile, on behalf of Daniel Furman, against Daniel's parents. But "this Court should not be ignorant as judges of what we know as men [and women]" *(Watts v Indiana,* 338 US 49, 52). The underlying suit is in reality an effort by the Furmans to collect money from Allstate by litigation, when they were rebuffed in their efforts to collect through a direct claim. Such a suit is, of course, perfectly permissible pursuant to *Gelbman v Gelbman* (23 NY2d 434, *supra).* We hold today that when a parent or guardian of an infant or other person under a disability, brings a suit against or is sued by the infant or other person under such circumstances that the real defen-

dant is the parent or guardian's insurance company, then the parent or guardian cannot use the fact of infancy or other disability to excuse his failure to provide the insurance company with timely notice of the occurrence giving rise to its liability. Accordingly, in the case at bar, Allstate is not obligated either to defend or to indemnify the adult Furmans in the underlying action.

We further hold that under the circumstances of this case, the disclaimer of liability issued by Allstate was sufficient. Accordingly, Allstate is entitled to a declaration that it is not obligated to defend or indemnify the adult Furmans in the action brought against them by their son.

MOLLEN, P. J., HOPKINS and TITONE, JJ., concur.

Judgment of the Supreme Court, Orange County, dated March 5, 1980, reversed, on the law, without costs or disbursements, and it is declared that the disclaimer issued by Allstate Insurance Company is sufficient and that Allstate is not obligated to defend or indemnify Dennis R. Furman and Kathryn J. Furman in the action brought against them by Daniel Furman, an infant, by his guardian ad litem, Vincent J. Gentile.