■ NICHOLAS VIRTUOSO, JR., et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—In an action for a judgment, *inter alia,* declaring that the defendant is required to defend and indemnify Gennaro Virtuoso and Domenica Virtuoso in a negligence action brought against them by the plaintiffs herein, pursuant to a policy of insurance issued by the defendant to Gennaro Virtuoso and Domenica Virtuoso, the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered May 30, 1986, which, *inter alia,* held that the defendant's disclaimer of insurance coverage was invalid and required it to defend and indemnify Gennaro Virtuoso and Domenica Virtuoso.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that the defendant is not required to defend and indemnify under the policy of insurance issued by it to Gennaro Virtuoso and Domenica Virtuoso, and that the disclaimer letter issued by the defendant is valid.

On July 22, 1981, the two infant plaintiffs, Nicholas Virtuoso, Jr., and Pelligrino Bifulco, were severely burned while attempting to light a barbecue at their grandparents' home. Although the grandparents were covered at the time by a comprehensive general liability policy, they neglected to notify the insurer at that time. It was not until 22 months later,

when they were served with a summons and complaint, that they gave the defendant notice of the occurrence. The terms of the policy required that notice be given "as soon as practicable". After an investigation, the insurer sent the insureds a letter of disclaimer, which stated that "[t]he 22-month delay in notifying the Company is such a serious breach of policy conditions that we must disclaim coverage". A hearing was conducted to determine the reasonableness of the delay in notification which found that the insureds were elderly, did not speak English, and had not notified the defendant due to a good-faith belief of nonliability. The court further found the defendant's disclaimer letter to be ineffective as against the claimants. Having found the lapse of time not to be unreasonable, the court directed the defendant to defend and indemnify the insureds under the policy.

We reverse and find that the court erred as a matter of law by finding the 22-month delay excusable. Neither the inability to understand the English language nor an unfamiliarity with the United States legal system permitting interfamilial suits is a legally cognizable reason for a 22-month delay in notifying the insurance company of the accident. While it is regrettable that the infant plaintiffs will be denied a recovery under the insurance policy by virtue of their parents' and grandparents' failure to notify the insurer, the mere fact of infancy is insufficient to toll the notice requirement contained in the policy (see, Allstate Ins. Co. v Furman, 84 AD2d 29, affd 58 NY2d 613). Unlike the situation presented in Lauritano v American Fid. Fire Ins. Co. (3 AD2d 564, affd 4 NY2d 1028), the claimants herein failed to give notice to the defendant, and their assertion that they did not know that children could bring suit against their grandparents is insufficient to relieve them from notifying the defendant when the insureds failed to do so.

We further find the defendant's disclaimer letter effective as against the claimants. The defendant clearly and unambiguously indicated that its reason for disclaiming coverage was founded upon the 22-month delay in the giving of notice of the occurrence. Pursuant to Insurance Law § 3420 (d), an insurer may disclaim coverage if written notice of the denial of coverage is given to both the insured and the claimant as soon as is reasonably possible. This disclaimer letter specifically advised both the insureds and the claimants that the denial of coverage was based upon the delay in giving notice. The mere failure to itemize the prejudice suffered as a result of the delay is insufficient to invalidate the disclaimer, as is the fact

that it was not sent to the claimants directly but rather to their attorney, since CPLR 2103 (b) specifically states that papers to be served upon a party in a pending action shall be served upon the attorney. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.