■ GERALD HOVDESTAD, Respondent, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant.—In an action for a judgment declaring that the defendant insurer is obligated to defend and indemnify the plaintiff on a counterclaim in an underlying negligence action, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Goldstein, J.), entered February 3, 1987, which granted the plaintiff's motion for summary judgment and declared that the defendant is obligated to defend and indemnify him in the underlying negligence action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and, upon searching the record, it is declared that the defendant is not obligated to defend or indemnify the plaintiff in the underlying negligence action.

The facts leading up to the instant appeal are uncontroverted. On May 17, 1977, the plaintiff was involved in an accident with an automobile owned by Heinz Geinitz. The plaintiff's wife and son, who were passengers in the vehicle at the time, received no-fault benefits from the defendant for medical expenses incurred as a result of personal injuries sustained by them in the accident. The defendant also represented the plaintiff's interest in connection with an independent property damage claim commenced by the owner of the other automobile involved in the accident.

On or about March 11, 1980, the plaintiff, individually and on behalf of his infant son and his wife, commenced an action to recover damages for personal injuries against both the owner and operator of the other vehicle. Along with the joinder of issue, the defendants in that action counterclaimed for judgment over against the plaintiff for any sum awarded against them on the ground that it was the plaintiff's negligence which caused the injuries sustained by his wife and son. The plaintiff's attorneys served a timely reply denying the allegations of the counterclaim. Only in December 1984 more than four years later did the plaintiff's attorneys notify the defendant insurer of the existence of the counterclaim and request that the latter defend and afford the plaintiff coverage on the counterclaim. By letter dated January 18, 1985, the defendant's attorney informed the plaintiff's attorney of the insurer's refusal to provide any coverage on the counterclaim. The plaintiff thereafter brought the instant declaratory judg-

ment action seeking to compel the defendant to defend and indemnify him with respect to the counterclaim.

In granting the plaintiff's motion for summary judgment and declaring that the defendant was obligated to defend and indemnify the plaintiff in the underlying negligence action, the court emphasized the defendant's failure to make a showing of "irremediable harm" and the fact that one of the plaintiffs was an infant. We disagree with that determination.

It cannot be reasonably refuted that a notice of claim accorded a party more than 4½ years after that claim has been interposed and after all pretrial discovery has been completed does not constitute timely notice as required by the insurance contract. Pursuant to condition 3 of that contract, "[i]f claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative". Stated succinctly, the notice provisions of the insurance policy by which the parties are bound have a definite and precise meaning, devoid of ambiguity and unattended by danger of misconception in the purport of the policy itself. Under such circumstances, courts may not vary the contract of insurance in order to comport with their own notions of abstract justice or moral obligation *(Breed v Insurance Co.,* 46 NY2d 351, 355, *rearg denied* 46 NY2d 940). In the instant case, the holding of the Supreme Court, which effectively ignored the notice provision of the insurance contract and contravened the aforesaid tenet, cannot be upheld on these facts.

Where an insured has failed to timely comply with a notice provision of the policy which is, in effect, a condition precedent to coverage, the insurer is relieved of liability even without any proof of resulting prejudice from the late notice *(Jenkins v Burgos,* 99 AD2d 217, 220). In the instant case, however, the prejudice to the insurer is evident. By initially assuming the defense of the counterclaim, the plaintiff's attorneys effectively deprived the defendant of the opportunity to participate in pretrial discovery proceedings when such would have been meaningful.

We note furthermore that the infancy of the plaintiff's son did not create an automatic tolling provision. The infancy of a child is but one of many factors to be considered by the court *(see, Allstate Ins. Co. v Furman,* 84 AD2d 29, *affd* 58 NY2d 613; *Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252; *Insurance Co. v 156 Hamilton Realty Corp.,* 72 AD2d 403, 406-407).

Under the circumstances, we conclude that the Supreme Court erred in declaring that the defendant was obligated to defend and indemnify the plaintiff with respect to the subject counterclaim, and, upon searching the record, declare that the defendant is not obligated to defend and indemnify the plaintiff in the underlying negligence action. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.