■ GRADY WINSTEAD et al., Plaintiffs, v UNIONDALE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff and Second Third-Party Plaintiff-Respondent. DREYFUS ALARM SYSTEMS, INC., et al., Third-Party Defendants; RICHARD GARRETT, JR., Second Third-Party Defendant and Third Third-Party Plaintiff-Respondent; STERLING INSURANCE COMPANY, Appellant.—In a third third-party action for a judgment declaring that Sterling Insurance Company has a duty to defend and indemnify Richard Garrett, Jr., in connection with the main action to recover damages for personal injuries, etc., pending in the Supreme Court, Nassau County, entitled *Winstead v Uniondale Union Free School Dist.,* bearing Index Number 2647/82, the Sterling Insurance Company appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 15, 1988, which denied its motion to dismiss the third third-party complaint for failure to join necessary parties (CPLR 3211 [a] [10]; 1001 [a]) and for summary judgment dismissing the third third-party complaint (CPLR 3212), granted the cross motion of Richard Garrett, Jr., *inter alia,* for summary judgment, and consolidated the third third-party action, which had been previously severed, with the main action.

Ordered that the order is modified, on the law, by (1) deleting therefrom the provisions granting the cross motion and substituting therefor a provision denying the cross motion in its entirety, and (2) adding thereto a provision directing a separate trial of the third third-party action demanding a declaratory judgment; as so modified, the order is affirmed, with one bill of costs to the appellant.

Richard Garrett, Jr. seeks a judgment declaring that Sterling Insurance Company (hereinafter Sterling) has a duty to defend and indemnify him with respect to any liability which might be imposed upon him in an action to recover damages for personal injuries, etc., pending in the Supreme Court, Nassau County, entitled *Winstead v Uniondale Union Free School Dist.,* and bearing Index Number 2647/82. The incident which is the source of his potential liability occurred on

October 6, 1980. It is alleged that while he was a student at Uniondale High School, Richard Garrett, Jr., propelled a heavy object toward a fellow student, missing that student but striking and injuring another. The injured student, by his mother and natural guardian, commenced a personal injury action on or about December 12, 1982, naming as the primary defendant the Uniondale Union Free School District.

Uniondale Union Free School District then commenced several third-party actions, including one allegedly commenced in 1985 by way of the service of a second third-party summons and complaint upon Richard Garrett, Jr. On October 5, 1986, Richard Garrett, Jr., received a notice of motion brought by the Uniondale Union Free School District for leave to enter a default judgment in the second third-party action against him. However, on January 30, 1987, the attorneys for the Uniondale Union Free School District agreed to withdraw this motion, and to accept service of his answer to the second third-party complaint, provided that it contained no affirmative defense based on lack of personal jurisdiction.

On February 6, 1987, the attorney for Richard Garrett, Jr., and his father Richard Garrett, Sr., wrote to the attorneys for Sterling advising it, *inter alia,* that Richard Garrett, Jr., who is the named insured on its policy, had no notice that there was an action pending against his son until January 6, 1987, when both the elder and the younger Mr. Garrett sought legal advice. This attorney also took the position that Richard Garrett, Jr., had not been served with a second third-party summons and complaint in 1985, and that the attorneys for the Uniondale Union Free School District had admitted as much. He also took the position that no claim was actually interposed against the younger Mr. Garrett until January 30, 1987, when the second third-party summons and complaint was, for the first time, properly served. This letter was the first written notice to Sterling of the underlying occurrence, and the action based on that occurrence.

After Sterling refused to defend or indemnify him, Richard Garrett, Jr., brought a "(Third) Third-Party" action against Sterling for a judgment declaring that it had the duty to defend and indemnify him. By order dated October 29, 1987, the Supreme Court, Nassau County, granted Sterling's application to sever the "(Third) Third-Party" action, which was continued separately under a new Index Number 3516/88.

Thereafter, Sterling moved for summary judgment in its favor, or, in the alternative, to dismiss the complaint against it based upon the failure of Richard Garrett, Jr., to join

"indispensable" parties (CPLR 3211 [a] [10]), and Garrett cross-moved for various relief, including summary judgment in its favor.

In the order appealed from, Richard Garrett, Jr., was granted summary judgment. The court found that "Sterling is obligated to defend and indemnify [Garrett]". The Supreme Court further found that the accident was merely a "high school scuffle", and that it could not be viewed as the sort of incident "likely to put the insured on notice that liability might result", excusing the failure to notify Sterling of the occurrence for over six years. It concluded that Sterling was notified "promptly" after Richard Garrett, Jr., had, for the first time, been "made a * * * third party defendant" by Uniondale Union Free School District.

On this appeal by Sterling, we conclude that there are issues of fact as to whether the delay of Richard Garrett, Jr., in notifying it of the underlying incident, as well as his delay in notifying it of the claim later asserted against him based on that incident, may be excused. We therefore find that the Supreme Court erred in granting summary judgment to Richard Garrett, Jr.

Sterling made a prima facie showing that Richard Garrett, Jr., a person presumably covered under his father's homeowners' insurance policy, forfeited coverage as a result of his failure to comply with two separate conditions. One provision requires the insured person to furnish written notice of any occurrence "as soon as practicable". A second provision requires the insured person to forward to it "immediately * * * every demand, notice, summons or other process received by him". While there are circumstances which might excuse an insured person from strict compliance with these provisions, whether such circumstances have been shown is ordinarily a question of fact.

In this case, the accident occurred in October 1980 and was not reported to Sterling until February 1987. Richard Garrett, Jr., in support of his cross motion, inter alia, for summary judgment relied on the fact that, at the time of the occurrence in 1980, he was only 16 years old. However, we have frequently held that "the mere fact of infancy is insufficient to toll the notice requirement contained in the policy" (Virtuoso v Aetna Cas. & Sur. Co., 134 AD2d 252, 253, citing Allstate Ins. Co. v Furman, 84 AD2d 29, affd 58 NY2d 613; see also, Hovdestad v Interboro Mut. Indem. Ins. Co., 135 AD2d 783; Insurance Co. v 156 Hamilton Realty Corp., 72 AD2d 403).

Moreover, any suspension of the duty of Richard Garrett, Jr., to notify Sterling of the underlying occurrence which might have arisen on account of his infancy would have terminated well before February 1987. It should also be noted that although Garrett concededly knew that a claim was being made against him as of January 6, 1987, he delayed yet another month before advising Sterling.

In excusing compliance with the notice provision, the Supreme Court relied essentially on its view that the "high school scuffle" which underlies the present case was so trivial an occurrence that a reasonable person would not believe that liability could possibly be imposed on the basis of it. It is true that an insured's good faith belief in nonliability, when reasonable under all the circumstances, may operate to excuse his failure to notify his insurer of an incident *(see, e.g., Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392; *Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799; 70 NY Jur 2d, Insurance, §§ 1619-1620). However, whether such belief was, in fact, reasonable under all the circumstances is ordinarily not a question of law. "Ordinarily, the *reasonableness* of an insured's belief of nonliability is considered an issue of fact and not one of law" *(Mobile Home Estates v Preferred Mut. Ins. Co.,* 105 AD2d 883, 884, citing *Allstate Ins. Co. v Moon,* 89 AD2d 804, 805; *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472, 474).

In the present case, the Supreme Court erroneously decided the question of the reasonableness of the conduct of Richard Garrett, Jr., as a matter of law, based upon his attorney's affirmation, and without an affidavit from him personally. The seriousness of the injuries allegedly resulting from the underlying incident is not clear, and it is consequently unclear whether a reasonably prudent person should have believed that the potential for liability had arisen. Moreover, in his reply to Sterling's interrogatories, Garrett admitted that as soon as the occurrence took place—on October 6, 1980—he was aware that his conduct might result in a criminal complaint. It should again be noted that, since Garrett concededly knew that he faced potential liability as of January 6, 1987, his delay of an additional month may not necessarily be justified based on his alleged good faith belief in nonliability. Under these circumstances, it was error to hold, as a matter of law, that Garrett's unawareness of his potential civil liability excused his prolonged delay in notifying Sterling of the underlying occurrence.

Similarly, there are issues of fact as to whether Richard

Garrett, Jr., "immediately" forwarded the process received by him in connection with this case. He was allegedly served with a second third-party summons and complaint in 1985. While the attorneys for the Uniondale Union Free School District apparently conceded that this service was insufficient to establish personal jurisdiction, it does not follow that Garrett never received a copy of this second third-party summons and complaint, so as to excuse his failure to forward it. It is also unclear whether, under all the circumstances presented, he may be excused in failing "immediately" to forward the notice of motion for leave to enter a default judgment.

A second point must briefly be addressed. As noted above, Richard Garrett, Jr., originally sought a declaratory judgment by impleading Sterling. The Supreme Court later severed the declaratory judgment action. However, in response to so much of Sterling's motion as was to dismiss this action on the basis that Richard Garrett, Jr., had failed to join indispensable parties, the court "deem[ed] [the declaratory judgment] action rejoined to the [main] action", thus insuring that all interested parties would have an opportunity to be heard. However, the trial of the third third-party complaint demanding a declaratory judgment should be conducted separately from the trial of the main action (see, CPLR 1010), to ensure that no mention of insurance coverage is made during the trial of the main action. Thus, we have added a provision to the order appealed from directing separate trials. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.