Abigail **SCHOFFMAN**, a Minor, by Michael **SCHOFFMAN** and Lynn Van Ort, her parents and natural guardians, Appellants,

v.

**BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a non-profit corporation, Respondent.**

**No. C1–96–1432.**

Court of Appeals of Minnesota.

Jan. 21, 1997.

James S. Ballentine, David J. Moskal, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for Appellants.

Anne L. Johnson, Blue Cross and Blue Shield of Minnesota, St. Paul, for Respondent.

Considered and decided by SHORT, P.J., and DAVIES and THOMAS G. FORSBERG,* JJ.

## OPINION

DAVIES, Judge.

In this appeal from a summary judgment, appellant insureds argue that a minor's claim should not be barred despite failure of both the parents and the minor child to give respondent insurer notice of the claim. Appellants also argue that failure to give the insurer notice of child's action against a third party caused the insurer no prejudice and should not defeat the claim. We affirm.

## FACTS

Appellants Abigail Schoffman (child), Michael Schoffman (father), and Lynn Van Ort (mother) seek coverage from respondent Blue Cross and Blue Shield of Minnesota (Blue Cross) for medical claims resulting from injuries the child sustained in a school bus accident.

The district court awarded summary judgment to Blue Cross because appellants failed to notify Blue Cross of the child's claims within the contractually defined 15–month notice period. The court found this failure of notice prejudiced Blue Cross. The prejudice arose, the court ruled, because appellants initiated and settled a lawsuit with a third-party tortfeasor (the bus company) without notifying Blue Cross, thus effectively depriving Blue Cross of its subrogation rights.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn.Const.

## ISSUES

1. Was the requirement that claimant child give notice of child's claim tolled during child's minority or, if tolled, was the parent, as named insured, obligated to give the notice?

2. Were Blue Cross's subrogation rights prejudiced by failure of an insured to give Blue Cross notice of a lawsuit by the insured against a third party and of its settlement?

## ANALYSIS

On appeal from summary judgment, this court must determine whether any genuine issues of material fact exist and whether the district court properly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

### I. Waiver of Notice

#### A. Express Waiver

Appellants' contract with Blue Cross requires that a claim be filed within 15 months after the date medical services are received. The contract expressly waives this filing requirement for legally incapacitated claimants. Appellants argue that this waiver applies to claims by minors.

The policy's claim provision provides:

> You must file a written claim within 90 days after a covered service is provided. If this is not reasonably possible, we accept claims for up to 15 months after the date of service. Failure to file a claim within the required time limits will result in a denial of your claim. We waive these time limits if you cannot file the claim because you are legally incapacitated.

The policy defines "you" as "the subscriber named on the identification (ID) card and other covered dependents." Reading this definition into the policy's "filing a claim" provision makes clear that a written claim within the notice period had to have been

art. VI, § 10.

filed either by the father (the subscriber named on the ID card) or by the child. Thus, although the child's notice is waived during her minority, the father's notice obligation is not waived. The claim is barred because father, the subscriber, failed to give notice.

The Minnesota statutes on which appellants rely are not applicable here. Appellants cite: (1) Minn.Stat. § 529.01(9), which defines "incapacitated" for purposes of the Uniform Custodial Trust Act; (2) Minn.Stat. § 541.15(a)(1), which provides that a disability period is not counted for purposes of statutes of limitations; and (3) Minn.Stat. § 645.45(14), which defines "minor" for statutory construction purposes. These definitions are all applicable to special situations unrelated to the facts here.

Furthermore, the cases appellants cite from other jurisdictions are distinguishable. The first case, *McCrary v. City of Odessa*, 482 S.W.2d 151, 154 (Tex.1972), questions the notice requirement of a municipal charter, not of an insurance contract. The second case is *Ferguson v. Nationwide Mut. Ins.*, 61 Misc.2d 912, 307 N.Y.S.2d 347 (Civ.Ct.1970). That jurisdiction has since ruled to the contrary, holding that " 'the mere fact of infancy is insufficient to toll the notice requirement contained in the policy.' " *Winstead v. Uniondale Union Free Sch. Dist.*, 170 A.D.2d 500, 565 N.Y.S.2d 845, 847 (1991) (quoting *Virtuoso v. Aetna Cas. & Sur.*, 134 A.D.2d 252, 520 N.Y.S.2d 439 (1987)). The third case, *Allstate Ins. Co. v. Campbell*, 95 N.J.Super. 142, 230 A.2d 179, 184 (1967), excused a minor's late notice in an insurance dispute, but only because the insurance company failed to show prejudice. A lack of prejudice, everyone concedes, excuses the obligation to give notice.

### B. Implied Waiver

Appellants also argue that Blue Cross impliedly waived its notice requirement. Because appellants improperly raise this issue for the first time on appeal, we will not address it. *See Thiele v. Stich*, 425 N.W.2d

580, 582–83 (Minn.1988) ("An appellate court may not base its decision on matters outside the record on appeal * * *.").

### C. Prejudice from Failure to Give Claim Notice

As a general rule, an insured's breach of a policy provision, such as [a] notice provision * * * will not lead to a forfeiture of insurance benefits absent a showing that the insurer has been prejudiced.

*Hopkins v. Empire Fire & Marine Ins. Co.*, 474 N.W.2d 209, 213 (Minn.App.1991).

Blue Cross alleges prejudice from failure of notice because, had it been notified of the claims, it could have arranged for medical care pursuant to its provider discount rate. This might be actual prejudice. But, because the claimed prejudice could on this record fail as de minimis, prejudice becomes a fact issue and summary judgment on failure to give notice of claim is precluded. This, however, is not the basis for our finding of prejudice as a matter of law.

### II. Subrogation Prejudice

 Blue Cross also argues that its subrogation rights were prejudiced by appellants' failure to notify it of the third-party tort action and a proposed settlement of that claim. The district court agreed. Although respondent asserts this as prejudice relating to failure to give notice of claim, we analyze it as a defense independent of *claim* notice.

On appeal, appellants do not argue that Blue Cross's subrogation rights were not prejudiced by the lack of notice of the third-party action.[1] Rather, appellants claim that they had no duty under the policy to notify Blue Cross of the third-party action. Blue Cross's subrogation rights depend, however, not just on the policy, but also "on 'general principles of equity and the nature of the contract of insurance.' " *Schmidt v. Clothier*, 338 N.W.2d 256, 262 (Minn.1983) (quoting *Bacich v. Homeland Ins. Co.*, 212 Minn. 375, 376, 3 N.W.2d 665, 665 (1942)). As the district court concluded, by settling claims with the tortfeasors without providing notice to

---

1. In a partial settlement agreement filed with this court, appellants waived their argument that Blue Cross's subrogation rights were not actually prejudiced by the lack of notice of the third-party lawsuit and intended settlement.

Blue Cross, appellants effectively denied Blue Cross any ability to protect its subrogation rights. *See American Family Mut. Ins. Co. v. Baumann,* 459 N.W.2d 923, 927 (Minn. 1990) (absent notice of intended settlement with tortfeasors, release by plaintiff is deemed prejudicial to plaintiff's UIM insurer).

If Blue Cross had been aware of the third-party action prior to appellants' settlement with the tortfeasors, Blue Cross could have protected any subrogation right to recover all or a portion of claims paid. But the failure to give Blue Cross timely notice of the third-party action deprived Blue Cross of the ability to protect itself.

Appellants claim that Blue Cross knew about the child's claim at a time when it could have asserted a subrogation right; they claim Blue Cross received and denied a $16 claim eight months before the third-party action settled and paid a $241.28 claim two months before that time. These claims do not, however, flag the existence of a third-party lawsuit. Further, they fail as notice because the policy limits subrogation rights to cases where claims of more than $5,000 are paid. These small claims, thus, would not realistically trigger the kind of inquiry appellants suggest should have been made.

## DECISION

The district court properly granted summary judgment.

**Affirmed.**

SHORT, Judge (concurring specially).

I concur in the judgment, but write separately to emphasize that infancy only is insufficient to toll the notice requirement contained in an insurance policy.