■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. HOWARD BUSH et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered June 10, 1974 in Albany County, upon a decision of the court at a Trial Term, without a jury. This is an action for a declaratory judgment requesting a determination that plaintiff is not obligated to defend Howard Bush or Claris Bush in a negligence action commenced in July, 1973 by Steven Drahushuk against Howard Bush and Claris Bush. On July 22, 1972, defendant Claris Bush, while operating the automobile owned by her husband, Howard Bush, allegedly drove the automobile through a stop sign at an intersection causing the automobile operated by defendant Steven Drahushuk to go out of control causing Drahushuk serious injuries. There was no contact between the automobiles. The Bush automobile was insured for liability by

plaintiff through the assigned risk plan. On August 2, 1972, Mrs. Bush reported the accident to the Aurora Insurance Agency, the insurance broker from whom the policy of liability insurance was purchased, and she was told that, since there was no contact between the vehicles, she did not have to make any further report and, therefore, no report of the accident was submitted to plaintiff. On May 1, 1973, plaintiff was informed of the accident by means of a subrogation letter from the carrier which insured the Drahushuk automobile. On July 5, 1973, plaintiff notified the insureds that it was disclaiming liability and would not defend the negligence action against them. Plaintiff contends that its insureds breached the clause in their policy by failing to give the required notice of the accident to plaintiff and it is, therefore, entitled to the relief sought upholding its right to disclaim, and that it is not obligated to defend its insureds. The insurance policy involved contained the following provision: " When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and the available witnesses." It appears that the telephone notice to the Aurora Agency was insufficient to satisfy the above policy provision since such oral notice to the insurance broker who obtained the policy under the assigned risk plan has been held invalid. (*Warren* v. *Merchants Mut. Ins. Co.*, 27 A D 2d 575.) However, a provision that notice be given " ' as soon as practicable ' after an accident " merely requires that notice be given within a reasonable time under all the circumstances. (*Security Mut. Ins. Co. of N. Y.* v. *Acker-Fitzsimons Corp.*, 31 N Y 2d 436, 441; *Deso* v. *London & Lancashire Ind. Co. of Amer.*, 3 N Y 2d 127, 129.) There may be circumstances such as lack of knowledge that an accident has occurred that will excuse delay in giving notice or a good-faith belief of nonliability may excuse or explain a seeming failure to give timely notice. (*Security Mut. Ins. Co. of N. Y.* v. *Acker-Fitzsimons Corp.*, *supra; 875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.*, 37 A D 2d 11, affd. 30 N Y 2d 726.) There are two factors which appear essential in determining " the circumstances " of this case. First, the term " accident " as used in the insurance policy is not defined in the policy. Consequently, its definition should be determined from the common sense viewpoint of the average person (*Lewis* v. *Ocean Acc. & Guar. Corp.*, 224 N. Y. 18, 21) and any ambiguity regarding the definition of " accident " should be resolved against the insurer. (*Hartol Prods. Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44.) Since there had been no contact between the parties' vehicles, it is conceivable that no " accident " occurred which would require an immediate accident report. In *875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.* (*supra*), the question of whether plaintiff understood that an accident had happened was in issue and an interlocutory judgment was granted in favor of plaintiff declaring that defendant's disclaimer of liability was improper. The court in that case stated (*id.*, p. 12): " Trial Term, in a well-considered decision, found in favor of plaintiff. In reaching its decision, it noted that while various terms are defined in the policy, the word ' accident ' is not one of them. In construing the section of the policy requiring an insured to give notice of accident ' as soon as practicable ', Trial Term was properly guided by the ' reasonable expectation and purpose of the ordinary business man when making an ordinary business contract.' (*Johnson Corp.* v. *Indemnity Ins. Co. of North Amer.*, 7 N Y 2d 222, 227.) " Second, the information that Mrs. Bush received from the broker's office advising her that no report was necessary should also be considered in evaluating whether there was an unreason-

able delay in the plaintiff's receiving notice of the accident. Under the circumstances of this case, there was not an unreasonable delay in giving the plaintiff notice, and the notice received in May of 1973 was sufficient under the terms of the insurance policy. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.