ERNEST GIZZI et al., Appellants, v STATE FARM MUTUAL INSURANCE COMPANY, Respondent.—Appeal (1) from an order of the Supreme Court at Special Term, entered March 18, 1976 in Schenectady County, which granted a motion by defendant for summary judgment dismissing the complaint and (2) from the judgment entered thereon. On March 15, 1971 plaintiff Frances Gizzi was involved in an automobile accident with an uninsured motorist. On March 22, 1971 a representative of the defendant contacted the plaintiffs, took a recorded statement from Frances Gizzi and photographed the insured vehicle. Although defendant's witness stated that during April, 1971 he delivered to the plaintiffs defendant's claim forms entitled "Notice of Intention to Make Claim", plaintiffs deny receipt of such forms. It appears that plaintiffs did not communicate further with defendant until July 28, 1972, some 16 months after the accident, when defendant received a letter from an independent broker presenting medical bills for payment under the uninsured automobile indorsement of plaintiffs' policy. The bills were returned to the broker on August 11, 1972 with an indication that they could not be paid because the plaintiffs had failed to comply with the notice provision of the policy. The notice of intention to make claim was finally submitted to defendant on January 31, 1973, some 22 months after the accident and some 5 months after this action had been commenced. Special Term held that plaintiffs had failed to comply with the notice provision of the policy which provided that "within 90 days or as soon as practicable, the insured or other person making claim shall give to the company written notice of claim under this endorsement". The order and judgment of Special Term must be affirmed. The primary contention of the plaintiffs at Special Term and on this appeal is that they satisfied the above-quoted notice requirement by "their cooperation and more specifically, the recorded statement supplied * * * one week after the accident". With this contention we cannot agree. It is well established that where an insurance "policy provides for written notice or proofs to the insurer, the requirement is not complied with where the insured gives oral notice or furnishes oral proofs of loss" (31 NY Jur, Insurance, § 1288; *Bazar v Great Amer. Ind. Co.,* 306 NY 481). Although "There may be circumstances such as lack of knowledge that an accident has occurred that will excuse delay in giving notice" *(State Farm Mut. Auto. Ins. Co. v Bush,* 46 AD2d 958, 959), plaintiffs have, as pointed out by Special Term, offered no valid excuse for the delay. "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy *(Deso v. London & Lancashire Ind. Co.,* 3 N Y 2d 127; Insurance Law, § 167, subd. 1, par. [d]), and the insurer need not show prejudice before it can assert the defense of noncompliance (31 N. Y. Jur., Insurance,

§ 1262)" *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimmons Corp.,* 31 NY2d 436, 440). Accordingly, no legal significance can be attached to the fact that the defendant may have obtained as much or more information about the accident from its investigation as it would have obtained from a written notice from the plaintiffs. An insurance company does not waive its right to rely upon the insured's noncompliance with a provision of a notice provision of a liability insurance policy as to the notice of accident or claim by the mere investigation of a loss (31 NY Jur, Insurance, §§ 1308, 1556). We agree with the conclusion of Special Term that the unexplained delay by plaintiffs in furnishing written notice of their claim to defendant amounted to a breach of the said notice provision of their policy. Order and judgment affirmed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.