■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v LOUIS R. GOMEZ et al., Respondents, and TRI-STATE CONSUMER INSURANCE COMPANY, Appellant. [691 NYS2d 916] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Tri-State Consumer Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Trainor, R.), dated July 28, 1998, which granted the petition and permanently stayed arbitration.

Ordered that the judgment is reversed, with costs and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the diligence of Luis Roque Gomez in ascertaining the existence of insurance coverage and whether he thereafter pursued his claim expeditiously; and it is further,

Ordered that arbitration is temporarily stayed pending the hearing and new determination.

The petitioner commenced this proceeding to permanently stay arbitration of the claim of the respondent Luis Roque Gomez for uninsured motorist benefits. By order dated December 4, 1997, the petitioner was granted a temporary stay of arbitration pending a hearing to determine whether the alleged offending vehicle owned and operated by Carlos Alonzo was insured by Tri-State Consumer Insurance Company (hereinafter Tri-State). Alonzo and Tri-State were joined as additional respondents. Tri-State acknowledges that it insured the Alonzo vehicle on the date of the accident, but alleges that the only notice it received of the accident was the petitioner's letter, sent 14 months after the accident. Tri-State thereafter disclaimed coverage on the basis of late notice.

No hearing was held. Nevertheless, the order and judgment appealed from sets forth findings of fact which are not supported in the record by evidentiary proof in admissible form.

The burden of proof is on Gomez to show that there was a

reasonable excuse for the 14-month delay in notifying Tri-State of the accident (*see, Matter of State Farm Ins. v Archer*, 256 AD2d 348). Whether Gomez acted diligently in attempting to ascertain the existence of insurance coverage and whether he thereafter pursued his claim expeditiously (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487) are issues of fact requiring a hearing (*see, Witriol v Travelers Ins. Group*, 251 AD2d 497) and cannot be determined on the meager record before us (*see, National Grange Mut. Ins. Co. v Diaz*, 111 AD2d 700). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.