■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and JULIANNA TREMAINE, Respondent. [705 NYS2d 477] —Order unanimously reversed on the law without costs and application granted. Memorandum: Respondent, a passenger in a motor vehicle owned by the State of New York (State), was involved in an accident on July 11, 1994. She served notice of an

underinsurance claim on petitioner, her insurer, 2½ years later, in December 1996. Respondent thereafter filed an uninsured claim under the State insurance policy and, after settling with the State for its policy limit, served a demand for arbitration of her underinsurance claim on petitioner. Supreme Court erred in denying the application to stay arbitration. Respondent's insurance policy required that she provide notice of an underinsurance claim "[a]s soon as practicable", which the Court of Appeals has defined in the underinsurance context as "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495). Delay in giving notice may be excused, but "[t]he burden of establishing a reasonable excuse for the delay is upon the insured" (*Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924, 925). Here, respondent offered no excuse for the 2½-year delay after the accident, and we conclude that the unexplained delay of 2½ years was unreasonable as a matter of law (*see, Matter of Travelers Ins. Co. [DeLosh], supra; see also, Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Arbitration.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.