■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and IBRAHIM HERNANDEZ, Respondent. [713 NYS2d 618] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner contends that Supreme Court erred in denying its petition seeking a permanent stay of arbitration. Respondent was injured in a motor vehicle accident in June 1996, but did not provide petitioner with notice of a supplemental uninsured motorist (SUM) claim until October 1998. The notice provision of the policy requires that notice of a SUM claim be given "as soon as practicable", i.e., "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495). A delay of over two years is unreasonable as a matter of law (*see, Matter of Nationwide Ins. Co. v Montopoli*, 262 AD2d 647; *Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924; *see also, Matter of State Farm Mut. Auto Ins. Co. [Tremaine]*, 270 AD2d 962) and shifts the burden to the insured to provide a reasonable excuse for the delay or establish due diligence in ascertaining the insurance coverage of the vehicles involved in the accident (*see, Matter of Eagle Ins. Co. v Bernardine*, 266 AD2d 543, 544; *Matter of Nationwide Ins. Co. v Montopoli, supra*, at 647). We conclude that there is an issue of fact whether respondent acted with due diligence, and thus we reverse the order and remit the matter to Supreme Court for a hearing on that issue.

Respondent contends that he did not know the seriousness of his injuries immediately following the accident and thus that he established a reasonable excuse for the delay. We disagree. The second surgery was not until 17 months after the accident but, "[e]ven assuming, arguendo, that [respondent] was excused from providing timely notice until the true extent of his injury was known * * * (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, [93 NY2d 487, 493])", we conclude that the additional delay of nine months without excuse would vitiate the insurance contract (*Ciaramella v State Farm Ins. Co.*, 273 AD2d 831).

Respondent further contends that he acted with due diligence in attempting to ascertain other policy limits. We note that his SUM coverage is excess after deduction of any amounts recovered from the tortfeasor or other SUM carrier. Further, the carrier insuring the vehicle respondent was driving went into bankruptcy and its obligations were taken over by the Liquidation Bureau of the New York State Insurance Department. The record indicates that respondent's second attorney was retained in May 1998, but the record fails to demonstrate what, if any, efforts the previous attorney made to ascertain the policy limits. "Whether [respondent] acted diligently in attempting to ascertain the existence of insurance coverage and whether he thereafter pursued his claim expeditiously [citation omitted] are issues of fact requiring a hearing [citation omitted] and cannot be determined on the meager record before us [citation omitted]" (*Matter of Allstate Ins. Co. v Gomez*, 263 AD2d 481, 482). Thus, a hearing is required to determine whether respondent acted with due diligence.

We reject petitioner's further contention that the petition should have been granted on the ground that respondent persistently failed to comply with certain policy conditions. There is no support in the policy language for petitioner's contention that respondent was required to provide both a recorded statement and an examination under oath. Petitioner's further contention that written proof of loss must be given by the insured personally, not by a letter from counsel, is not supported by *Gizzi v State Farm Mut. Ins. Co.* (56 AD2d 973), on which petitioner relies. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Arbitration.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.