■ In the Matter of the Arbitration between HARTFORD CASUALTY INSURANCE COMPANY, Appellant, and MARION BRODY, Respondent. [718 NYS2d 782] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding seeking a permanent stay of arbitration on the ground that respondent failed to provide timely notice of a claim for supplemental uninsured motorist (SUM) benefits. Supreme Court erred in denying the petition without conducting a hearing. Respondent fractured her hand in a motor vehicle accident on January 6, 1998, and surgery was required to repair her hand. She did not file a claim for SUM benefits until July 23, 1999, after she determined the insurance coverage of the tortfeasor through pretrial discovery in the underlying action commenced on May 11, 1999. Respondent was obligated to give petitioner notice of her claim "with reasonable promptness after [she] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). "Delay in giving notice may be excused, but '[t]he burden of establishing a reasonable excuse for the delay is upon the insured'" (*Matter of State Farm Mut. Auto. Ins. Co. [Tremaine],* 270 AD2d 962, 963, quoting *Matter of Travelers Ins. Co. [DeLosh],* 249 AD2d 924, 925). It appears that respondent's present attorney, who was retained in March 1999, failed to seek information with respect to the tortfeasor's insurance coverage (*see,* Insurance Law § 3420 [f] [2] [A]) prior to pretrial discovery. Although the record reflects that respondent had counsel before she retained her present attorney, it does not reflect the efforts of that attorney, if any, to obtain the in-

formation necessary for respondent to make a claim for SUM benefits (*see, Matter of State Farm Mut. Auto. Ins. Co. [Hernandez]*, 275 AD2d 989). We therefore reverse the order and remit the matter to Supreme Court for a hearing before a different Justice to determine whether respondent acted with due diligence and thus has a reasonable excuse for the delay in providing notice to petitioner of her claim for SUM benefits (*see, Matter of State Farm Mut. Auto. Ins. Co. [Hernandez], supra; Matter of Travelers Ins. Co. [DeLosh], supra,* at 925-926). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Arbitration.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.