■ STANLEY T. POTTER, Appellant, v NORTH COUNTRY INSURANCE COMPANY, Respondent, et al., Defendants. [778 NYS2d 805]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (John V. Centra, J.), entered April 22, 2003. The judgment denied plaintiff's motion for summary judgment, granted summary judgment to defendant North Country Insurance Company, dismissed the complaint and declared that defendant North Country Insurance Company is not required to defend or indemnify defendant John S. Janicki, individually and doing business as JJ Construction, in an underlying personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the last three decretal paragraphs and reinstating the complaint and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff allegedly sustained serious injuries on May 10, 1995, during the course of his employment with defendant John J. Janicki, individually and doing business as JJ Construction. Plaintiff commenced a personal injury action against, inter alia, Janicki, and, during the course of discovery proceedings, Janicki initially denied that he had insurance that would cover the accident. On May 18, 1998, however, plaintiff's attorney learned that Janicki actually had been insured. On that same date, the insurance agent faxed a notice of the accident to Janicki's insurer, defendant North Country Insurance Company (North Country). North Country disclaimed coverage by a letter dated June 25, 1998. Plaintiff thereafter commenced this declaratory judgment action against North Country, among other defendants. Plaintiff sought, inter alia, a declaration that North Country is obligated to defend and indemnify Janicki in the personal injury action.

We conclude that Supreme Court properly denied plaintiff's motion for summary judgment but erred in sua sponte granting summary judgment to North Country. Plaintiff failed to submit proof in admissible form entitling him to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d

557, 562 [1980]). The admissible proof submitted by plaintiff established that the injury occurred on May 10, 1995; that notice thereof was not given to North Country until more than three years after the accident; and that the insurance policy required that notice be given as soon as practicable. A delay of three years is unreasonable as a matter of law (*see e.g. Matter of State Farm Mut. Auto. Ins. Co. [Hernandez]*, 275 AD2d 989 [2000]; *Matter of State Farm Mut. Auto. Ins. Co. [Tremaine]*, 270 AD2d 962, 963 [2000]; *Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924, 925 [1998]). Although plaintiff, as the injured party, had an independent right to provide notice to North Country (*see generally Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]), here there is no evidence that he ever did so (*see Matter of First Cent. Ins. Co. [Malave]*, 3 AD3d 494, 495 [2004]). Thus, contrary to plaintiff's contention, North Country is not estopped from disclaiming coverage, even though the disclaimer letter did not cite plaintiff's failure to give timely notice as a basis for the disclaimer (*see id.*).

Although the court had the authority to search the record and grant summary judgment to a nonmoving party under CPLR 3212 (b), the record in this case does not support an award of summary judgment to North Country. In his complaint, plaintiff contends that North Country's disclaimer was untimely and that North Country therefore is precluded from disclaiming coverage. The record establishes that the disclaimer letter was sent 38 days after receipt of notice, and we conclude that there is an issue of fact whether that delay in disclaiming coverage was reasonable (*see* Insurance Law § 3420 [d]; *see e.g. First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278, 279 [2002], *lv denied* 98 NY2d 605 [2002]). We therefore modify the judgment by vacating the last three decretal paragraphs and reinstating the complaint. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.