■ RHONDA CHAPMAN-RAPONI, Appellant, v CARMEN VESCIO, SR., Respondent. [783 NYS2d 166]—

Appeal from a judgment of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered April 30, 2003. The judgment granted in part defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion dated July 1, 2002 and denying the motion dated January 7, 2003 and reinstating the amended complaint with respect to the theories of liability of failure to install handrails on both sides of the stairway and construction of a porch that allowed the accumulation of water thereon and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained when she slipped on ice on the porch outside of her apartment and fell down the stairs. In her verified bill of particulars, plaintiff asserted, inter alia, that defendant was negligent in failing to clear the premises of snow and ice, in failing to provide adequate and proper drainage for the roof, and in failing to install gutters on the roof above the porch and handrails along the stairway. Defendant moved for summary judgment dismissing the amended complaint, and Supreme Court granted defendant's motion in part by dismissing the amended complaint with the

exception of one theory of liability, i.e., "whether a defective condition existed at the subject premises as concerning the alleged dripping and/or accumulation and/or leaking of water onto the porch decking." Defendant then moved a second time for summary judgment dismissing that remaining theory of liability, and the court granted that motion.

Plaintiff's appeal from the judgment dismissing the amended complaint in its entirety brings up for our review the propriety of the court's rulings with respect to both motions (*see* CPLR 5501 [a] [1]; *Burke v Crosson,* 85 NY2d 10, 15-17 [1995]). Plaintiff, however, contends on appeal only that she has two viable theories of liability, i.e., that defendant was negligent in failing to install handrails on both sides of the stairway and was negligent in constructing a porch that allowed the accumulation of water thereon. Thus, we conclude that plaintiff has abandoned her appeal with respect to the propriety of the court's dismissal of the remaining theories of liability (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

We agree with plaintiff with respect to defendant's first motion that the court erred in dismissing the theory of liability regarding the failure to install handrails on both sides of the stairway. In support of his first motion, defendant did not address that theory of liability and thus failed to meet his initial burden of demonstrating his entitlement to judgment as a matter of law (*see Romanowski v Yahr,* 5 AD3d 985, 985-986 [2004]). In any event, we conclude that plaintiff raised a triable issue of fact whether her accident "resulted from the failure of the stairs to conform to the State Uniform Fire Prevention and Building Code" (*id.* at 986; *see* former 9 NYCRR 735.3 [a] [10]). We therefore modify the judgment by denying defendant's first motion in part and reinstating the amended complaint with respect to that theory of liability.

In addition, although defendant met his initial burden on his second motion regarding the remaining theory of liability, we conclude that plaintiff raised a triable issue of fact with respect thereto through her deposition testimony and affidavit. We do not agree with defendant that plaintiff's deposition testimony is incredible as a matter of law, and we instead conclude that plaintiff raised a triable issue of fact whether the roof was properly constructed to prevent the accumulation of water on the porch. We therefore further modify the judgment by denying defendant's second motion and reinstating the amended complaint with respect to that remaining theory of liability. Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.