ROGER F. BAUST, Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant. [786 NYS2d 604]—

Carpinello, J. Appeal from an order of the Supreme Court (Spargo, J.), entered November 14, 2003 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant was properly denied summary judgment in this action commenced by plaintiff seeking supplementary uninsured motorists coverage under an insurance policy issued to him. The event underlying plaintiff's request for coverage was an October 30, 1997 pedestrian-motor vehicle accident between himself and a vehicle driven by Christopher Kight in New York City. Plaintiff's initial attorney believed that Kight was uninsured at the time of the accident and defendant was notified that a claim would be made on that basis. In actuality, however, Kight was covered by an insurance policy with Eveready Insurance Company, a fact not discovered until June 1999 by plaintiff's second attorney.

When plaintiff thereafter sued Kight to recover for his injuries, Eveready disclaimed coverage on the ground that Kight had failed to provide timely notice of the accident. Eveready's disclaimer of liability on the basis of untimely notification was subsequently upheld in a declaratory judgment action commenced by plaintiff. In the meantime, plaintiff had sought supplementary uninsured motorists coverage from defendant in this action, commenced in November 1998, on the ground that Kight was uninsured.*

Defendant claims that plaintiff is not entitled to supplementary uninsured motorist coverage because he failed to meet a "triggering event" for such coverage, namely, "the existence of an uninsured motorist." This contention runs counter to the language in the insurance policy issued to plaintiff, as well as the Court of Appeals' decision in *Matter of Vanguard Ins. Co. (Polchlopek)* (18 NY2d 376 [1966]). As to the insurance policy itself, it specifically defines an "Uninsured Motor Vehicle" to include a motor vehicle for which "[t]here is a bodily injury liability insurance coverage . . . at the time of accident, but . . .

---

* Of note, defendant is not alleging that plaintiff failed to give it timely notice of his claim for supplemental uninsured motorist coverage (*cf. Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491 [2002]; *Matter of Hartford Cas. Ins. Co. [Brody]*, 278 AD2d 830 [2000]).

[t]he Insurer writing such insurance coverage . . . denies coverage." With respect to *Vanguard*, the Court of Appeals ruled that a disclaimer of liability by a primary insurer related back to the time of the accident and rendered the insured under that policy "uninsured" for the purpose of the accident victim's application for supplementary uninsured motorist coverage under his own policy (*id.* at 381-382).

Here, there is no dispute that Eveready disclaimed coverage under Kight's insurance policy. This being the case, under the terms of the insurance policy itself and *Vanguard*, plaintiff was entitled to seek supplementary uninsured motorists coverage. To the extent that defendant asks this Court to look "deeper" into the holding of *Vanguard* and rule its holding inapplicable here because plaintiff and his former attorneys failed to use due diligence in ascertaining that Kight was in fact insured at the time of accident, we are unpersuaded. To this end, we are compelled to point out, as did the Court of Appeals in *Vanguard*, that defendant could have protected itself from recovery of benefits in this situation by "exclud[ing] from the definition of an uninsured auto those autos upon which a disclaimer of coverage is made subsequent to an accident" (*id.* at 381; *see generally Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243, 248 [1953]). No such exclusion is contained in the subject insurance policy and, hence, plaintiff was entitled to seek supplementary uninsured motorist coverage.

Defendant was also properly denied summary judgment on the ground that plaintiff failed to comply with a condition precedent to recovery by allegedly refusing to attend numerous independent medical examinations. Defendant did not meet its "heavy" burden of proving willful and avowed obstruction on the part of plaintiff as a matter of law (*Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 767 [2000]). Rather, the record contains questions of fact concerning the reasonableness of plaintiff's cooperation in scheduling examinations and whether he in fact knowingly or willfully failed to attend any scheduled appointments (*cf. Tleige v Troy Pediatrics*, 237 AD2d 772, 773-774 [1997]; *Wolford v Cerrone*, 184 AD2d 833, 833-834 [1992]), thus precluding dismissal of the complaint on this ground.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.