WILLIAM L. HAINES, JR., et al., Appellants, v NEW YORK MUTUAL UNDERWRITERS, Respondent. (Appeal No. 2.) [815 NYS2d 858]—

Appeal from an amended judgment (denominated amended order) of the Supreme Court, Onondaga County (James W. McCarthy, A.J.), entered January 27, 2005 in a declaratory judgment action. The amended judgment granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendant as follows:

"It is ADJUDGED AND DECLARED that defendant has no duty to defend or indemnify its insured in the underlying action and as modified the amended judgment is affirmed without costs."

Memorandum: Plaintiffs appeal from an amended judgment granting defendant's motion for summary judgment dismissing the complaint. William L. Haines, Jr. (plaintiff) was injured when he was struck with an object just outside a bar owned by Elmwood Beer Garden, Inc. (Elmwood Beer Garden), and plaintiffs commenced the underlying action alleging that Elmwood Beer Garden owed a duty "to the public and especially to the plaintiff" to maintain the premises in a safe condition. Defendant disclaimed coverage under the assault and battery exclusion of its insurance policy with Elmwood Beer Garden, whereupon plaintiffs commenced this declaratory judgment action.

Supreme Court properly granted defendant's motion insofar as it sought summary judgment. Because this is a declaratory judgment action, however, the court erred in dismissing the complaint and in failing to declare the rights of the parties (see *Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]). We therefore modify the amended judgment accordingly. As the Court of Appeals has written, "the language of the exclusion for suits 'based on Assault and Battery' is unambiguous" (*U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823 [1995]) and, "if no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350

[1996]). We thus conclude in this case that, because no cause of action in the underlying amended complaint would exist "but for" the assault on plaintiff, defendant properly disclaimed coverage under the assault and battery exclusion in the policy at issue (*id.*; *see Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964, 965 [2001]). Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.