■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and JENNIFER BRADFIELD, Respondent. [876 NYS2d 758]—

Stein, J. Appeal from an order of the Supreme Court (Connolly, J.), entered June 30, 2008 in Ulster County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In January 2006, respondent sustained injuries when the automobile in which she was a passenger was involved in a one-car accident. Respondent was covered under an insurance policy issued by petitioner to respondent's parents that included applicable supplemental uninsured/underinsured motorist (hereinafter SUM) coverage. Respondent settled her claim against the tortfeasor with petitioner's consent. At petitioner's request, respondent submitted to an independent medical examination in January 2007. However, respondent refused to appear for a second examination in both November 2007 and April 2008, claiming that petitioner was not entitled to multiple examinations. Respondent subsequently served a demand for arbitration, prompting petitioner to commence this proceeding seeking a stay of arbitration on the basis that respondent had violated a condition precedent to coverage. Supreme Court denied the application and this appeal ensued.

To obtain a permanent stay of arbitration, petitioner bore the heavy burden of showing "that it acted diligently in seeking to bring about [respondent's] co-operation; that the efforts employed by [petitioner] were reasonably calculated to obtain [respondent's] co-operation; and that the attitude of [respondent], after [her] co-operation was sought, was one of 'willful and avowed obstruction'" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928] [citations omitted]; *see Matter of St. Paul Travelers Ins. Co. [Kreibich-D'Angelo]*, 48 AD3d 1009, 1010 [2008]). Because we agree with Supreme Court's determination that petitioner failed to meet this burden, we affirm.

The SUM endorsement at issue here required respondent to "submit to physical examinations by physicians we select when and as often as we may reasonably require." When petitioner scheduled respondent's first medical examination in January 2007, respondent's attorney, Evan M. Foulke, advised petitioner's attorney that respondent's treatment was ongoing and suggested that the examination await the completion of treatment. Foulke further indicated that, if petitioner insisted upon an examination at that time, respondent would not participate in a second examination. According to Foulke, this refusal was, at all times, based on the incorrect belief that petitioner was not entitled to more than one examination.

Petitioner attempted to schedule a second examination in November 2007 and Foulke again refused consistent with his earlier position. Having heard nothing further, Foulke served a demand for arbitration by letter dated April 2, 2008. By letter faxed to Foulke on April 8, 2008, petitioner attempted to schedule another examination the following day at 9:00 A.M. Foulke replied by fax later that same day, objecting to the examination on the grounds that petitioner was not entitled to it and that notice of the examination (less than 24 hours) was unreasonable. Although petitioner attempted to fax another letter to Foulke offering to reschedule the examination to April 21, 2007, Foulke did not receive that letter due to an error in its transmission. Petitioner then moved by order to show cause for a stay of arbitration. Upon receipt of the order to show cause and supporting papers[1] on April 15, 2008, Foulke contacted petitioner's attorney and advised him that—now being aware that the policy entitled petitioner to a second examination—respondent was willing to submit to the examination, which had been rescheduled to April 21, 2008. However, petitioner's attorney declined the offer.

In our view, even assuming that petitioner acted diligently and employed reasonable efforts to secure respondent's cooperation, Supreme Court properly determined that petitioner failed to demonstrate that respondent's lack of cooperation rose to the level of willful and avowed obstruction (*see Baust v Travelers Indem. Co.*, 13 AD3d 788, 790 [2004]; *Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 767 [2000]). Although respondent's earlier refusals to submit to a second examination were unequivocal, there is no evidence that either she or her attorney was in possession of the policy and, therefore, aware of the provision permitting multiple examinations.[2] Furthermore, respondent did submit to one physical examination, answered questions under oath for three hours and provided petitioner with copies of medical records, as well as numerous authorizations for healthcare providers, employers and insurance companies. Once she was aware of her obligation to submit to a second physical examination, she immediately indicated her willingness to do so. Overall, there is ample evidence that respondent's at-

**1.** Attached to the order to show cause were a copy of the policy—which respondent's attorney asserts was provided to him for the first time—and a copy of the April 8, 2008 letter attempting to reschedule respondent's examination to April 21, 2008.

**2.** In our view, Foulke's assumption that petitioner was not entitled to such examinations and his failure to request a copy of the policy were no more unreasonable than petitioner's failure to offer a copy of the policy in the face of Foulke's obvious misunderstanding.

titude was one of cooperation and that her conduct was not an unreasonable attempt to obstruct discovery (*see Baust v Travelers Indem. Co.*, 13 AD3d at 790). Therefore, Supreme Court properly denied petitioner's application to stay arbitration.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.