■ DANIEL P. SZCZUKOWSKI, Respondent, v PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant. [954 NYS2d 309]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered December 13, 2011 in a declaratory judgment action. The judgment, inter alia, declared that defendant is obligated to provide coverage to its insured in the underlying action.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and judgment is granted in favor of defendant as follows:

It is adjudged and declared that defendant is not obligated to provide coverage to its insured in the underlying action.

Memorandum: Defendant appeals from a judgment declaring that it is obligated to provide insurance coverage to its insured in the underlying personal injury action. Plaintiff was involved in a one-vehicle accident on April 22, 2005 when he tried to avoid colliding with a vehicle driven by defendant's insured. It is undisputed that defendant's insured did not provide notice of the accident to defendant and that defendant received notice of the accident from its agent when the insured provided the agent with the summons and complaint in the underlying action, which was commenced on December 6, 2005. Supreme Court erred, following a nonjury trial, in implicitly determining that the insured was justified in failing to provide defendant with notice because she reasonably believed that she was not liable (*cf. Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 751 [1995]). The insured or the party otherwise seeking to impose the obligation to provide coverage "bears the burden of establishing the reasonableness of the proffered excuse" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 744 [2005]) and, here, neither the insured nor plaintiff alleged that the insured's failure to report the accident to defendant was

reasonable. In any event, we note that the insured was issued a citation for failure to yield the right of way and she was aware that plaintiff had sustained serious injuries. We therefore conclude that the insured was not justified in believing that there would not be a lawsuit, and thus the delay in notifying defendant was not reasonable.

It is also undisputed that plaintiff did not exercise his "independent right" to notify defendant of the accident (*Potter v North Country Ins. Co.*, 8 AD3d 1002, 1004 [2004]). "[T]he injured party has the burden of proving that he, she, or counsel, acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" (*Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636, 637 [2011]). Here, although plaintiff promptly sought legal counsel, he admitted that he did not attempt to ascertain the identity of the insurer and that he did not notify defendant of the accident. Present—Scudder, P.J., Fahey, Carni, Valentino and Martoche, JJ.