# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1208**
**CA 12-00676**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

DANIEL P. SZCZUKOWSKI, PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

PROGRESSIVE NORTHEASTERN INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SAKOWSKI & MARKELLO, LLP, ELMA (JOSEPH A. SAKOWSKI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

        Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Chautauqua County (James H. Dillon, J.), entered
December 13, 2011 in a declaratory judgment action.  The judgment,
inter alia, declared that defendant is obligated to provide coverage
to its insured in the underlying action.

        It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and judgment is granted
in favor of defendant as follows:

                It is ADJUDGED AND DECLARED that defendant is not
        obligated to provide coverage to its insured in the
        underlying action.

        Memorandum:  Defendant appeals from a judgment declaring that it
is obligated to provide insurance coverage to its insured in the
underlying personal injury action.  Plaintiff was involved in a one-
vehicle accident on April 22, 2005 when he tried to avoid colliding
with a vehicle driven by defendant's insured.  It is undisputed that
defendant's insured did not provide notice of the accident to
defendant and that defendant received notice of the accident from its
agent when the insured provided the agent with the summons and
complaint in the underlying action, which was commenced on December 6,
2005.  Supreme Court erred, following a nonjury trial, in implicitly
determining that the insured was justified in failing to provide
defendant with notice because she reasonably believed that she was not
liable (*cf. Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 751).
The insured or the party otherwise seeking to impose the obligation to
provide coverage "bears the burden of establishing the reasonableness
of the proffered excuse" (*Great Canal Realty Corp. v Seneca Ins. Co.,
Inc.*, 5 NY3d 742, 744) and, here, neither the insured nor plaintiff

alleged that the insured's failure to report the accident to defendant was reasonable.  In any event, we note that the insured was issued a citation for failure to yield the right of way and she was aware that plaintiff had sustained serious injuries.  We therefore conclude that the insured was not justified in believing that there would not be a lawsuit, and thus the delay in notifying defendant was not reasonable.

It is also undisputed that plaintiff did not exercise his "independent right" to notify defendant of the accident (*Potter v North Country Ins. Co.*, 8 AD3d 1002, 1004).  "[T]he injured party has the burden of proving that he, she, or counsel, acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" (*Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636, 637).  Here, although plaintiff promptly sought legal counsel, he admitted that he did not attempt to ascertain the identity of the insurer and that he did not notify defendant of the accident.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court