# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1490**
**CA 12-01058**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

NATASHA MUCKOVA, M.D., CLAIMANT-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 97318.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCHELL & SCHELL, P.C., FAIRPORT (GEORGE A. SCHELL OF COUNSEL), FOR CLAIMANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Philip J. Patti, J.), entered August 9, 2011. The judgment awarded claimant money damages after a trial.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the amended claim is dismissed.

Memorandum: Claimant commenced this action seeking damages for injuries she sustained as a result of contracting tuberculosis during the autopsy of an inmate (decedent), allegedly owing to defendant's negligence. Following trial, the Court of Claims awarded claimant $500,000. We agree with defendant that it owed no duty of care to claimant, and we therefore reverse the judgment and dismiss the amended claim. As a preliminary matter, we note that the language of the court's decision is sufficiently broad to encompass an analysis of both defendant's alleged duty to warn claimant of decedent's active tuberculosis and defendant's alleged duty to record the active tuberculosis diagnosis in decedent's chart in the prison infirmary. Inasmuch as claimant now contends that the only duty at issue is defendant's duty to maintain accurate records, however, we conclude that she has abandoned any contention with respect to a duty to warn (*see Chapman-Raponi v Vescio*, 11 AD3d 1042, 1043; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

With respect to the sole remaining theory of liability at issue on appeal, i.e., defendant's breach of its alleged duty to record the tuberculosis diagnosis in decedent's medical chart pursuant to 10 NYCRR 405.10 (c) (8), we conclude that claimant has no private cause of action against defendant for the prison's failure to comply with that regulation in the absence of a showing, or indeed an allegation,

that claimant had the requisite special relationship with defendant (*see Pelaez v Seide*, 2 NY3d 186, 198-201; *Abraham v City of New York*, 39 AD3d 21, 25, *lv denied* 10 NY3d 707).  "The laws and regulations of this State pertaining to the control of reportable or communicable diseases were enacted to protect the public in general, and not a particular class of persons . . . Stated otherwise, they 'were intended to benefit the injured [claimant], but in the broad sense of protecting all members of the general public similarly situated' " (*Abraham*, 39 AD3d at 25, quoting *O'Connor v City of New York*, 58 NY2d 184, 190, *rearg denied* 59 NY2d 762).  In light of our determination that defendant owed claimant no duty of care based on the alleged violation of 10 NYCRR 405.10 (c) (8), we need not address defendant's remaining contentions (*see Pulka v Edelman*, 40 NY2d 781, 782).

Entered:  February 1, 2013                          Frances E. Cafarell
                                                    Clerk of the Court