Underberg v Dryden Mut. Ins. Co. (2019 NY Slip Op 04559)





Underberg v Dryden Mut. Ins. Co.


2019 NY Slip Op 04559


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


411 CA 18-02325

[*1]JARED N. UNDERBERG, PLAINTIFF-APPELLANT-RESPONDENT,
v
DRYDEN MUTUAL INSURANCE CO., DEFENDANT-RESPONDENT-APPELLANT. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (PHYLISS A. HAFNER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
BARCLAY DAMON, LLP, BUFFALO (ANTHONY J. PIAZZA OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mark A. Montour, J.), entered June 7, 2018. The judgment denied the motion of defendant for summary judgment, declared that the assault and battery exclusion of defendant's policy does not apply and granted in part and denied in part the amended cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying plaintiff's amended cross motion in its entirety and vacating the declaration, and as modified the judgment is affirmed without costs.
Memorandum: This action involving an insurance coverage dispute arises from an incident that occurred on November 14, 2008 during which plaintiff sustained injuries when a security guard at a nightclub allegedly assaulted him. The nightclub was owned by 236 Delaware Associates, LLC, doing business as Quote (Quote), and was insured by a policy issued by defendant. On November 13, 2009, plaintiff commenced a personal injury action against Quote and three individual defendants, one of whom he alleges was an employee of Quote and the other two he alleges are not employees but are agents of Quote. On February 17, 2011, defendant disclaimed coverage based on the policy's assault and battery exclusion, Quote's failure to give timely notice of the incident, and Quote's failure to promptly forward lawsuit papers. Plaintiff obtained a default judgment against Quote and two individual defendants and, after a nonjury trial, obtained a judgment against a third individual defendant on the issue of liability. After an inquest on damages, plaintiff obtained a money judgment against Quote and the three individual defendants. Plaintiff served defendant with a demand for payment, but defendant refused to satisfy the money judgment.
Plaintiff commenced this action seeking a judgment declaring that defendant's disclaimer of coverage was invalid and improper and that defendant was obligated to indemnify Quote and the three individual defendants in the underlying lawsuit and seeking a judgment ordering defendant to pay the full judgment amount in that lawsuit. Defendant moved for summary judgment dismissing the complaint and seeking a judgment declaring that it was not obligated to defend, indemnify, or otherwise compensate anyone in the underlying lawsuit. By his amended cross motion, plaintiff sought a judgment declaring that defendant's disclaimer of coverage was invalid and improper and that defendant was obligated to indemnify Quote and the individual defendants in the underlying lawsuit and pay the related money judgment. Supreme Court denied the motion, granted in part the amended cross motion by declaring that the assault and battery exclusion did not apply, and otherwise denied the amended cross motion. Plaintiff now appeals, and defendant cross-appeals.
We agree with defendant that the court erred in granting plaintiff's amended cross motion in part and declaring that the assault and battery exclusion in the policy did not apply, and we therefore modify the judgment by denying plaintiff's amended cross motion in its entirety and vacating the declaration. Contrary to plaintiff's contention, the language of the policy exclusion is unambiguous (see U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]; Haines v New York Mut. Underwriters, 30 AD3d 1030, 1030 [4th Dept 2006]), and all of the causes of action in the amended complaint in the underlying lawsuit are based on the assault by the security guard, "without which [plaintiff] would have no cause of action" (U.S. Underwriters Ins. Co., 85 NY2d at 823; see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 350 [1996]; Haines, 30 AD3d at 1030-1031; Mark McNichol Enters. v First Fin. Ins. Co., 284 AD2d 964, 965 [4th Dept 2001]). Inasmuch as "no cause of action would exist but for' the assault, it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other" (Mount Vernon Fire Ins. Co., 88 NY2d at 353).
Defendant, however, is not entitled to its requested declaratory relief at this point inasmuch as we agree with the court that there is a triable issue of fact whether defendant issued a timely disclaimer of coverage. An insurer's reliance upon a policy exclusion to deny coverage of an incident requires a timely disclaimer (see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188-189 [2000]). Defendant met its initial burden on its motion for summary judgment by submitting the affidavit of its claims manager, who averred that defendant was first notified of the November 14, 2008 incident on February 3, 2011, and it disclaimed coverage two weeks later, which we agree is timely as a matter of law (see Sirius Am. Ins. Co. v TGC Constr. Corp., 37 AD3d 818, 819 [2d Dept 2007]). In opposition to the motion, however, plaintiff raised a triable issue of fact by submitting the affidavit of Matthew Dole, who was one of the individuals who owned Quote on the day of the incident. Dole averred that he received letters from plaintiff's attorney on November 17 and 25, 2008 regarding the incident and that he forwarded those letters to defendant on or before December 31, 2008. If those averments are true, then defendant's disclaimer of coverage over two years later would be untimely as a matter of law (see generally Potter v North Country Ins. Co., 8 AD3d 1002, 1004 [4th Dept 2004]). Although defendant contends that the "credible evidence" shows that it did not receive notice until February 2011, "[i]t is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). Contrary to defendant's contention, Dole's affidavit was not inconsistent with his deposition testimony and was not incredible as a matter of law (see Chapman-Raponi v Vescio, 11 AD3d 1042, 1043 [4th Dept 2004]; cf. Sexstone v Amato, 8 AD3d 1116, 1117 [4th Dept 2004], lv denied 3 NY3d 609 [2004]).
We agree with defendant that Quote failed to comply with the policy condition requiring it to "promptly forward . . . all . . . legal papers received in connection with" the occurrence. "Distinct from notice of an accident, an insurer may also demand that it receive timely notice of a claimant's commencement of litigation" (American Tr. Ins. Co. v Sartor, 3 NY3d 71, 75 [2004]). "The purpose of such notice is to provide the insurer with a fair and reasonable opportunity to appear and defend against a claim or exercise its right to settle the matter" (id.). The underlying lawsuit was commenced on November 13, 2009, but it was undisputed that defendant did not receive any of the legal papers until February 3, 2011. Nevertheless, we reject defendant's contention that it is entitled to its requested declaratory relief on the ground that Quote failed to give timely notice of the incident and failed to promptly forward the lawsuit papers to it. As explained above, a triable issue of fact exists whether Quote provided notice of the incident to defendant on or before December 31, 2008, and thus there is a triable issue of fact whether Quote gave timely notice of the incident pursuant to the terms of the policy. However, even if Quote failed to provide timely notice, it is well settled that "an injured third party may seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident" (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 863-864 [1979]). The injured party has an independent right to provide notice to the insurer (see Insurance Law § 3420 [a] [3]; Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564, 568 [1st Dept 1957], affd 4 NY2d 1028 [1958]; Wraight v Exchange Ins. Co. [appeal No. 2], 234 AD2d 916, 917 [4th Dept 1996], lv denied 89 NY2d 813 [1997]). That right includes providing notice of the commencement of litigation (see American Tr. Ins. Co., 3 NY3d at 76).
Here, it is undisputed that plaintiff gave notice to defendant of the incident by sending it a letter dated February 1, 2011 along with the papers from the underlying lawsuit. While [*2]defendant contends that plaintiff's notice and forwarding of lawsuit papers was untimely, defendant did not disclaim coverage based on plaintiff's failure to do so, and it is now precluded from relying upon those defenses (see Henner v Everdry Mktg. & Mgt., Inc., 74 AD3d 1776, 1777 [4th Dept 2010]; Wraight, 234 AD2d at 918; see generally General Acc. Ins. Group, 46 NY2d at 863-864; Potter, 8 AD3d at 1004). We reject defendant's contention that it did not need to address plaintiff's late notice in the disclaimer letter. In so arguing, defendant relies upon Ringel v Blue Ridge Ins. Co. (293 AD2d 460, 462 [2d Dept 2002]), which determined that, "where the insured is the first to notify the carrier, even if that notice is untimely, any subsequent information provided by the injured party is superfluous for notice purposes and need not be addressed in the notice of disclaimer issued by the insurer." Defendant contends that it received notice of the incident on February 3, 2011 from both plaintiff and Quote's insurance agency, and thus plaintiff failed to establish that he gave notice before Quote's insurance agency. Defendant's contention, however, is based solely on speculation. There was no evidence that Quote ever gave its insurance agency notice of the incident. Rather, plaintiff submitted evidence establishing that he mailed his notice to both defendant and Quote's insurance agency, and thus the only reasonable inference is that the notice defendant received from Quote's insurance agency came from plaintiff, not Quote.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court